JULY TERM. 1808.

Sunbury,          Lessee of SYLER and wife *against* PETER and
Monday,
July 11th.                   FREDERICK ECKHART.

A parol gift     THE wife of *Syler* was the daughter of *John Eckhart*, de-
of lands by a
father to his      ceased, and the defendants were his sons. The latter were
son, accom-   in possession of different parts of a tract of land, which it was
panied with
possession,   alleged belonged to the father who died intestate; and this eject-
and followed  ment was brought to recover the portion which descended to
by the son's
making im-    the daughter. There was no dispute that the land was formerly
provements    owned by the father; but the defence set up was this, that the
on the land,
is valid, not- father made a *parol gift* to the defendants of the land they re-
withstanding  spectively occupied at the trial, being parts of a larger tract on
the Act of
frauds and    which he resided, and put them in possession nearly twenty years
perjuries.    before his death; that they continued in their possession during
his life, made valuable improvements, and paid the taxes which
were assessed in their respective names, and not in that of the
father. No deed passed to either of them; but one witness swore
that the father, a few years before his death, pointed out the divi-
sion line of the land which he said *he had given* to his sons *Fre-
derick* and *Peter;* and also that when *Peter* exchanged three or
four acres of his part with one *Snyder* who wanted a deed from
the father, the latter told him he must get it from *Peter.* Other
witnesses swore to the like declarations of the father, that he
had *given* the land to his sons; but there was some contradic-
tion in the testimony taken together.

The cause was tried at a Circuit Court for *Dauphin*, before
YEATES J. who charged the jury that if they were satisfied that
*John Eckhart* had made an actual gift of the land to his sons,
they should find for the defendants; but if they thought his in-

tention was to give them possession merely, reserving the *title* to himself, they should find for the plaintiff. The jury found for the plaintiff against the inclination of his Honour's mind; and a motion was made for a new trial, which was overruled by consent and without argument, that the question might come by appeal to this court.

1808.

Lessee of
SYLER
*v.*
ECKHART.

It was accordingly now argued upon that appeal, by *Duncan* for the plaintiff, and by *Elder* and *Hopkins* for the defendants; and although several points were made to the court upon the evidence reported by Judge YEATES, as that *Syler's* wife had been advanced in her father's life time, and therefore was not entitled to a share of his estate, until the advancement was brough· into *hotchpot*, and also that the whole was a question of fact which the jury had a right to determine, the material point was, whether a parol gift of land, under the circumstances of this case, passed the title.

For the defendants it was argued, that this court proceeding upon equity principles, would, like a Court of Chancery, carry into effect any parol agreement concerning lands, where it was in part performed; for the statute of frauds should never be so turned, construed, or used, as to protect or be a means of fraud. That delivery of possession had always been held to be a part performance, especially if money had been expended in improvements. 1 *Fonbl.* 165. 168. 175. *Sugden's Law of Vendors, &c.* 65. 73. *Wills* v. *Stradling,* (a) *Earl of Aylesford's case.* (b) That there was no difference as to this point between a parol gift upon the consideration of natural love and affection, and a parol transfer for money; and that it would be a gross fraud upon the defendants to defeat their title, after having been more than twenty years in possession, converted the land from a wilderness to a farm, paid the taxes, and exercised acts of complete ownership with the consent and direction of the father. There was clear proof of a gift, and the verdict was therefore against law and evidence.

For the plaintiff it was contended, that by the Act of frauds and perjuries of 21st *March* 1772, 1 *St. Laws* 640., an estate

(a) 3 *Vez. jr.* 381.      (b) 2 *Stra.* 783.

1808.

Lessee
of
SYLER
*v.*
ECKHART.

by *livery* and *seisin* only, or by parol, is nothing more than an estate at will; and that this Act should not be frittered away by distinctions, as it had been a subject of regret among the judges in *England* that the provisions of their statute had ever been infringed or weakened by construction. *Cooper* v. *Elston.* (*a*) That from this sentiment the modern cases had gone upon much stricter grounds than formerly, refusing to consider the payment of money as a part performance. That at all events, cases of part performance by delivery of possession existed only as between vendor and vendee, and in such of those cases merely wherein the vendee's possession was inconsistent with the vendor's title, *Wills* v. *Stradling* before cited, and 1 *Sugden* 73.; but that delivery of possession by a parent to a child was not inconsistent with the parent's title, particularly where the father and family resided on the same tract, and possession of part only was delivered to the son. The question of gift or not was however a question of fact, and so left to the jury whose province it was to decide.

The opinion of the Court was delivered by

TILGHMAN C. J. This is an appeal from the Circuit Court of *Dauphin* county, on a motion for a new trial, overruled by Judge YEATES who tried the cause, without argument and by consent.

The defendants relied on a parol gift of lands by their deceased father, in consequence of which they had made valuable improvements, and had long possession in their father's life time.

Although the court are not disposed to extend the principles on which parol agreements concerning lands have been confirmed, farther than they have been already carried, yet they are bound by what has been decided. It has been settled that where a parol agreement is clearly proved, in consequence of which one of the parties has taken possession and made valuable improvements, such agreement shall be carried into effect. We see no material difference between a sale and a gift; because it certainly would be fraudulent conduct in a parent to make a gift which he knew to be void, and thus entice his child into a great expenditure of money and labour, of which he meant to reap the

(*a*) 7 *D.* & *E.* 14.

benefit himself. Whether such gift was made in the present in- 1808.
stance was submitted by the court to the jury. The jury thought ——————
there was not a gift; but the Judge who tried the cause was dis-  Lessee
satisfied with the verdict, and thought that the evidence in  of
favour of the gift greatly preponderated. He was better able  SYLER
to judge of this matter than we, who only take the evidence  *v.*
from his notes; and therefore his opinion is entitled to great  ECKHART.
weight. But independent of that, enough has appeared to satisfy
us that there is reasonable ground for a new trial. The Court
forbear to enter into remarks upon the evidence, as the cause
is to be tried again.

New trial awarded.