# Washburn's Appeal.

A court of equity has no jurisdiction to settle a disputed legal title to land, or to a right of way, on a bill in equity filed by the party in possession, averring that a multiplicity of suits at law may result to redress threatened trespasses.

February 27, 1884.   Before MERCUR, C. J., GORDON, PAXSON, TRUNKEY, STERRETT, GREEN and CLARK, JJ.

APPEAL from the Court of Common Pleas of *Lackawanna* county :   Of January Term, 1884, No. 5.

Bill in equity, by F. W. Mott and Harriet, his wife, in her right, against Nicholas Washburn and Maria, his wife, praying for an injunction to restrain the defendants from entering upon or passing over a certain lane, and from entering upon and taking possession of a certain strip or parcel of land, in the possession of the complainants, and for a decree to settle and quiet the complainants' alleged title to the premises in question.

A demurrer to the bill was overruled, and an answer was filed, wherein the defendants set up title in themselves to the right of way over said lane, and to the strip of land in dispute, and averred want of equitable jurisdiction, on the ground that there was an adequate remedy at law.

The material facts, as they appeared from the pleadings and the evidence, are set forth in the opinion of this court.

The master reported a decree in accordance with the prayers of the bill. Exceptions filed by defendants to the master's report were overruled by the court, HAND, J., filing an opinion, in which he held that "the plaintiffs are in a position to ask that the defendants shall assert their claims in a court of law, and that until they do, the plaintiffs may ask for the interposition of equity to maintain their status." A decree was entered in accordance with the recommendation of the master, granting the relief prayed for in the bill, "without prejudice to the defendants in any action at law that they may see fit to bring for the assertion of their claims to said lane and said strip of land, or either of them."

The defendants took this appeal, assigning for error the overruling of the demurrer to the bill, the dismissal of their exceptions to the master's report, and the decree.

*A. Ricketts* (*I. M. Bunnell* with him), for the appellants.

*George S. Horn* (*W. G. Ward* with him), for the appellees. ---The distinction between this case and what has been termed an ejectment bill is, that the complainants are in possession, and until the defendant asserts his alleged title in a court of law, the complainants are powerless to have their title adjudicated on at law. The jurisdiction of equity in such case to prevent threatened and continuous trespasses, and to quiet the complainant's title, is well established: Scheetz's Appeal, 11 Cas., 88; Stewart's Appeal, 6 P. F. S., 422; Commonwealth *v.* R. R. Co., 12 Harris, 159; Pennsylvania Land Co.'s Appeal, 15 Norris, 116; Masson's Appeal, 20 P. F. S., 26; Jarden *v.* R. R. Co., 3 Whart., 512; Brightly's Eq., § 295.

Mr. Justice CLARK delivered the opinion of the court, April 7, 1884.

The only question raised upon this record is, whether or not a case within equity jurisdiction is therein presented.

The bill sets forth that the complainants are the owners, in fee simple, of certain real property in the city of Scranton, extending from Main street, on the south, to Hyde Park avenue, on the north, known as the Calvin Washburn lot, upon the western side of which is an alley sixteen feet wide, leading from Main street into and over the said property; that the respondents own and occupy the property adjoining on the west, known as the Nicholas Washburn lot; that the respondents have, without any right, passed and re-passed over this alley, and threaten to continue to do so at their

9 OUTERBRIDGE.—31.

pleasure. The bill further charges that the respondents claim, and threaten to enter upon and possess, a small part of the Calvin Washburn lot, a narrow strip along the western side, including a portion of the complainants' buildings erected thereon; that the complainants are, and have been, in full possession of the alley, and also of the disputed strip of ground, and that the respondents have neither right nor title to either. Wherefore, to prevent a multiplicity of actions at law, for the redress of these repeated and threatened wrongs and trespasses, the prayer of the bill is for a perpetual injunction to restrain the respondents from using the alley, and from taking possession of the said strip of ground.

A demurrer to the bill was overruled and an answer was filed, in which the respondents claim the right to use the alley, deny any wrongful act, and allege that their claim is based on a just and legal title; that they are justly and legally entitled to the strip of land, referred to in the bill, and deny that the complainants are, or have been, in the possession of the disputed premises.

In the proofs, the parties conformed to the pleadings, and proceeded as if the action was at law, in ejectment, or trespass; the whole contention, as shown by both the pleadings and the proofs, was upon the legal rights and claims of the parties; no irreparable injury was shown, no clear right to the subjects in dispute established, no ground for equitable relief disclosed. Where rights which are legal are asserted on one side, and denied on the other, the remedies are at law. · They cannot be settled under equity forms; this is undoubtedly the general rule. In actions respecting real property, therefore, if there be no equitable ground of relief involved, the rights of the parties must be determined at law; when thus determined, or when they are admitted in the pleadings, or otherwise clearly appear, an equity based upon that right, superinduced by the acts of the parties, may be asserted, and a decree for equitable relief made; thus equity is made the means, not of establishing the legal right, but of giving adequate protection in the enjoyment of it when thus established. No irreparable injury has been shown, and it does not yet appear that a multiplicity of suits must result under proceedings ·at law; all parties in interest may be put upon the record in a single suit, and non constat that the trial and determination of that suit may not end the controversy; the right to equitable relief may follow, if any equity is superinduced by the acts of the parties, but the interference of equity in such a case rests, as stated by Chan. KENT, in Gardner *v.* The Village of Newburgh, 2 Johns. Ch. Rep., 164, " on the principle of a clear and certain right to the enjoyment of the subject in

question, and an injurious interruption of that right, which upon just and equitable grounds ought to be prevented."

To the same effect are the cases of North Penn. Coal Co. v. Snowden, 6 Wright, 488; Norris' Appeal, 64 Pa. St., 275; Tillmes v. Marsh, 67 Pa. St., 507; Haines' Appeal, 73 Pa. St., 169; and Grubbs' Appeal, 90 Pa. St., 228. In Rhea v. Forsyth, 1 Wright, 503, Mr. Justice WOODWARD, after a review of the cases, concludes as follows: "From these, and many more authorities which might be cited to the same effect, it is apparent that where the plaintiff's right has not been established at law, or is not clear but is questioned on every ground on which he puts it, not only by the answer of the defendant, but by proofs in the cause, he is not entitled to remedy by injunction. It is not enough that he is able to produce some evidence of his right, where there is conflicting evidence that goes to the denial of all right. When the emergency is pressing, and the injunction affidavits disclose a prima facie right in the plaintiff, the proper practice I apprehend is for the court to interfere by special injunction, and stay the defendant's hand until the right has been tried at law." Even in cases confessedly within the jurisdiction, as partition, equity will not interfere if the complainant's title be denied, until he has vindicated it at law; the court may retain the bill, however, until that has been done: 2 Atk., 280; Coxe v. Smith, 4 Johns. Chan. Rep., 271; North Penn. Coal Co. v. Snowden, supra. A further citation of authorities, upon a point so well settled, is certainly unnecessary.

The cases cited by the appellee are not in principle inconsistent with the cases here referred to. In none of them did the dispute involve the ascertainment and determination between the contesting parties of their rights at law; the right of the complainant, in each of the cases, was either admitted or otherwise clearly and incontestably established, and in all of them proper grounds were assigned for equitable relief. A careful study of all the cases will disclose no great conflict between them; the same general doctrine is deducible from all.

In the case before us a large number of witnesses was called and voluminous testimony was taken, on both sides, touching the issue raised by the bill and answer. The testimony taken in the behalf of the plaintiff, was to the effect that he had purchased and was the owner in fee of the premises in dispute; the deeds and muniments of title were offered and received in evidence, oral testimony was introduced as to the proper boundaries of the respective lots, the location of the fences, the nature and extent of the possession of the premises by the present respective owners, and their predeces-

[Gilroy *v.* Com'th ex rel.]

sors in title, and from all this volume of evidence we are asked to pass upon the legal rights of the parties. We cannot take from the respondent the right to have these questions of fact submitted to a jury, according to the rules of law; to that mode of trial he is entitled under the constitution.

It follows, therefore, that equity has no jurisdiction of this case, and the decree must be reversed. We do not express any opinion respecting the merits of the controversy; under the circumstances this would be improper.

And now, April 7, 1884, it is considered and adjudged that the decree of the Court of Common Pleas be reversed, and the bill of the complainant be dismissed with costs.