## Coward *v.* Llewellyn, Appellant.

*Equity—Remedy at law—Ejectment—Street—Dedication—User.*

A bill in equity cannot be maintained to compel the defendants to remove valuable buildings claimed by the plaintiffs to have been built over ten feet of an alleged thirty feet wide street, where it appears that although the defendants' predecessors in title had dedicated a street twenty feet wide, and the public had used the additional width of ten feet for nine or ten years, the evidence is not clear as to whether there had ever been any intention to dedicate the additional ten feet to public use. In such a case title to the land in dispute must be determined at law before a court of equity can interfere.

In the absence of proof of an intention to dedicate land to public use as a street, the public can acquire no right to the land, except by uniform, adverse and continuous use under claim of right for twenty-one years.

Argued April 12, 1904. Appeal, No. 192, Jan. T., 1903, by defendants, from decree of C. P. Luzerne Co., Feb. T., 1901, No. 4, on bill in equity in case of Thomas R. Coward et al. v. George J. Llewellyn. Before MITCHELL, C. J., DEAN, FELL, MESTREZAT and POTTER, JJ. Reversed.

Bill in equity for an injunction. Before LITTLE, J., specially presiding.

The opinion of the Supreme Court states the case.

The court entered the following decree :

Now July 7, 1903, this cause came on to be heard and was argued by counsel, and upon consideration thereof it is ordered, adjudged and decreed as follows, to wit :

1. That the defendants be restrained by perpetual injunction from obstructing, and the defendant, the borough of West Pittston, from permitting to be obstructed, an alley in the borough of West Pittston, running from Luzerne avenue a dis-

tance of about 197 feet to its intersection with another alley, and known as Blackman's alley, said alley being thirty feet in width and its northerly or westerly line being described as beginning at a corner of Luzerne avenue 238 feet from Susquehanna avenue, and thence north thirty-four and one half degrees east about 197 feet to its intersection with another alley.

2. That the defendants, within thirty days from this date, remove the one story structure used as a barber shop, the coal house, out house, addition to a stable, and other structures erected or maintained by them within the line of said thirty foot alley, in front of their respective properties abutting on said alley.

3. That the prothonotary issue a writ of mandatory injunction to carry this decree into effect.

*Error assigned* was the decree of the court.

*George H. Troutman,* with him *John T. Lenahan* and *Edward A. Lynch,* for appellants.—The title to the land in controversy should be determined by a jury: Com. v. Llewellyn, 14 Pa. Superior Ct. 214 ; Edgett v. Douglass, 144 Pa. 95.

A chancellor does not interfere by way of mandatory injunction, even though the injury be clearly established, where there has been long continued delay in asserting the right, and a remedy exists at law : Orne v. Frindenberg, 143 Pa. 487 ; Washington Female Seminary v. Washington Boro., 18 Pa. Superior Ct. 555 ; Com. v. Royce, 152 Pa. 88.

The appellees have a full and adequate remedy at law : Morris v. Phila., 199 Pa. 357 ; Wetherill v. Penna. R. R. Co., 195 Pa. 156 ; White v. McKeesport Boro., 101 Pa. 394.

A public nuisance cannot be suppressed or enjoined at the suit of a private individual unless he has sustained some damage or injury which is clearly special to himself, and apart from that which the general public has sustained : Rhymer v. Fretz, 206 Pa. 230.

*J. B. Woodward,* with him *Rush Trescott,* for appellee.—The court had jurisdiction : Bunnell's App., 69 Pa. 59 ; Jennings Bros. & Co. v. Beale, 158 Pa. 283 ; Walters v. McElroy, 151 Pa. 549.

OPINION BY MR. JUSTICE DEAN, October 10, 1904:

The decree in this case turns on the fact, whether Blackman's alley in the borough of West Pittston is thirty feet wide or only twenty feet.

Theodore Strong in 1850 became the owner of ninety acres of land adjoining West Pittston borough, which he soon after conveyed to the West Pittston Land Association, a land improvement company. This company in 1856 plotted the land in streets and alleys; one of the alleys known as Blackman's alley was on the plan twenty feet wide. Subsequently this land was all incorporated with and formed a part of the borough. No official map of the borough was formally adopted or recorded. A map had been made by McKinney and Bonwell and this was hung in the room of the borough council where it remains; on this map Blackman's alley is marked twenty feet wide and corresponds in plotting with the general plan of the streets and alleys of the borough. In 1860, R. J. Wisner obtained by purchase from the land association a triangular piece of land in the borough, part of the original ninety acres which included Blackman's alley. He, Wisner, opened up the alley, which up to that time, had only been plotted on the Mc-Kinney and Bonwell map as twenty feet. Appellees claim that he opened it thirty feet wide and for that width dedicated it to public use; that from that time, for that width, until appellants obstructed it with their buildings it has been used by the public without interruption as a public highway. We think, taking into view the facts, that although not yet opened, the alley was already plotted on the plans of the land association and on the McKinney and Bonwell map, at the time Wisner took possession, as only twenty feet wide, the burden was on plaintiffs in the court below to show that the width was changed by Wisner from twenty feet to thirty.

In reviewing the testimony, the court below in finding the facts had but little the advantage of us in considering it, for it is mainly documentary and where it is not, the statements of witnesses are for the most part not at variance, although those of Wisner as testified to may have been; different inferences may be reasonably drawn from their statements, but otherwise they are not irreconcilable. It is conceded that the alley was never formally laid out, opened or its width fixed

by municipal ordinance. If its width were ever fixed by a dedication to public use, it must have been done by Wisner after he became the owner, or by his executors after his death and that is a pure question of fact, which must be first established at law before a court of equity will take jurisdiction and order the removal of valuable improvements because they encroach on the alley. The public acquired no right to a thirty foot alley by adverse user alone, for its use by the public had only existed for nine or ten years. This, as the court below correctly held, is not long enough. " The use which will establish such a right (of public user and implied dedication) must be defined, uniform, adverse and under claim of right and must have continued for twenty-one years; a rambling use, sometimes by one path and sometimes by another will not suffice : " Arnold v. Cornman, 50 Pa. 366. And as is said by our present chief justice in Commonwealth v. P. & R. Railroad Co., 135 Pa. 256, " Dedication is a matter of intention. Where there is no opposing proof, long-continued use by the public is evidence of an intent to dedicate, but it is by no means conclusive and always yields to contrary proof of a satisfactory character." But it is just as well settled that where the evidence shows an intention to dedicate a user much short of twenty-one years will suffice to establish a public right.

It is very clear from the maps and other documentary evidence, that Wisner and his executors did dedicate a twenty foot alley, but whether an additional ten feet was dedicated at the point in dispute is not clear. The plaintiffs and defendants both own lots nearly opposite each other on Blackman's alley ; both trace title to Wisner who had a right to fix the width of the alley ; the appellants if the appellees are correct in their averment, that it is thirty feet wide, under their deeds have taken and now hold possession of ten feet of it; if the alley be only twenty feet wide, then appellants are in possession of land within the boundaries fixed by their deeds. Quite a number of witnesses testified to Wisner's declaration that the alley was only twenty feet wide ; that he had left ten feet outside his fence merely to have room for a storage yard at his foundry, and other evidence was adduced tending to negative a dedication for public use of more than twenty feet and that any use exceeding that width was merely permissive. There

was also affirmative evidence by appellees that Wisner, as well as his executors after his death, had dedicated a width of thirty feet. If Wisner had not lost the ten feet of land by a prior dedication followed by a public user it was his to convey, and to devise to his executors; conveyance by either would put in the purchaser a good right to a twenty foot alley and their buildings are on their own ground. This brings us face to face with appellants' seventh assignment of error, which is:

" The court erred in refusing to dismiss the bill because the remedy if any was by ejectment—at common law."

We do not see how, under a long line of well settled cases equity at this stage of the dispute could assume jurisdiction and oust appellants of land of which they are in undeniable possession under color of the Wisner title. Speaking by CLARK, J., in Washburn's Appeal, 105 Pa. 480, we said in a case very much like this:

" The whole contention, as shown by both the pleadings and the proofs, was upon the legal rights and claims of the parties; no irreparable injury was shown, no clear right to the subjects in dispute established, no ground for equitable relief disclosed. Where rights which are legal are asserted on one side, and denied on the other, the remedies are at law. They cannot be settled under equity forms; this is undoubtedly the general rule. In actions respecting real property, therefore, if there be no equitable ground of relief involved, the rights of the parties must be determined at law; when thus determined, or when they are admitted in the pleadings, or otherwise clearly appear, an equity based upon that right, superinduced by the acts of the parties, may be asserted, and a decree for equitable relief made."

Numerous cases are cited in that opinion, most of them from our own state. It is argued by appellees' counsel that no question of title between the immediate parties is involved. That is in a certain sense true, for appellees do not assert title; but they do claim the right to an unobstructed passage over a twenty-nine foot alley. Defendants claim title to and are in possession of ten feet of that alley; that they have such title and possession plaintiffs deny and on this fact depends the jurisdiction of the court to eject them, not in equity but at law. And plaintiffs have more than one legal remedy. But

as was said by PAXSON, J., in City of New Castle v. Raney, 130 Pa. 546 : " The authorities uniformly limit the jurisdiction to the cases where the right has first been established at law or is conceded. It was never intended and I do not know of a case in the books, where a chancellor has usurped the functions of a jury and attempted to decide disputed questions of fact."

There is much that is interesting in the case and the learned judge of the court below gave.it most careful attention, but it would be unjust to both parties if we were to review his findings of facts and conclusions of law when we have no more jurisdiction to do either, than he had in the first hearing.

The decree is reversed and the bill dismissed at costs of appellees without prejudice to them to institute such suit or suits at law to determine their rights as to them may seem proper.