## Eisenberger v. Eisenberger, Appellant.

*Equity—Specific performance—Parol contract—Sale of land—Evidence.*

1. Specific performance of a parol contract for the sale of land, founded upon sufficient evidence that the contract had been entered into, possession taken by the plaintiff in pursuance thereof, and valuable improvements made by him upon the land will be enforced notwithstanding the fact that all of the purchase money has not been paid. The court in entering the decree will require the balance of the purchase money to be paid upon the delivery of the deed.

2. There is no reason why a decree of specific performance should not be entered after a full hearing on the merits merely because a preliminary injunction was awarded at the beginning of the suit, which under the rules was dissolved.

Argued Nov. 13, 1908. Appeal, No. 176, Oct. T., 1908, by defendant, from decree of C. P. Lancaster Co., Equity Docket, No. 4, page 367, on bill in equity in case of Maris E. Eisenberger v. William V. Eisenberger. Before RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY, HEAD and BEAVER, JJ. Affirmed.

Bill in equity for specific performance.
The facts appear by the opinion of the Superior Court.

*Error assigned* was decree awarding specific performance.

*B. F. Davis*, with him *H. M. Houser*, for appellant.

*John M. Groff*, with him *L. N. Spencer*, for appellee.

OPINION BY MORRISON, J., February 26, 1909:
This is a bill in equity filed for the purpose of compelling the

defendant to convey to the plaintiff the two tracts of land described in the bill, the legal title to which were in the defendant by conveyances duly executed, delivered and recorded. One of the tracts was purchased for the sum of $90.00, and the other for the sum of $511. The bill avers that these tracts of land were purchased by the defendant for the plaintiff, under a parol agreement that the plaintiff should go into possession of the lands and improve the same and that when he had paid the defendant the purchase price and interest thereon, the latter would convey the said lands by good and sufficient deeds to the plaintiff; that under said agreement the plaintiff went into the actual, open and notorious possession of said lands several years before filing his bill and has ever since retained such possession, and made valuable improvements thereon by erecting new buildings and repairing others and by planting peach and apple orchards thereon and other improvements to the value of nearly $2,000, and that the defendant had been fully paid for said lands in accordance with the parol agreement; that the parol agreement had been so far executed, and the improvements placed thereon by the plaintiff were of such value and character, that the plaintiff could not be adequately compensated in damages for defendant's failure to perform his part of the agreement, by conveying the lands to the plaintiff upon the payment of the purchase money in accordance with the agreement; that the plaintiff had requested the defendant to make such conveyances, but he refused so to do, averring that he owned the land in fee and was under no obligation to convey the same to the plaintiff.

The learned judge below, sitting as a chancellor, saw the witnesses and heard them testify and found all of the facts substantially as averred by the plaintiff and held, as a matter of law, that the plaintiff was entitled to specific performance of the parol contract, and made a final decree requiring the defendant to execute and deliver deeds conveying to the plaintiff said lands on the payment by the plaintiff to the defendant of the sum of $45.41, a balance of the purchase money and interest which the chancellor was not satisfied had been paid. In our opinion, under the well-settled law of Pennsylvania, the plain-

tiff, by competent and sufficient evidence, established his right to have the said parol agreement specifically performed. In fact, the plaintiff sustained his averments by himself and four witnesses, while the defendant relied on his deeds and his own testimony, and the latter was not convincing.

"In modern equity practice a complainant in a court of equity cannot be turned out of court for want of jurisdiction merely because he has a remedy at law; it must be shown further that his remedy at law is adequate:" Gray v. Citizens' Gas Co., 206 Pa. 303.

In Sower's Admr. v. Weaver, 84 Pa. 262, it was said by Mr. Justice GORDON for the Supreme Court, p. 267: "That a parol gift, from a parent to a child, properly executed by possession and improvement, is valid, notwithstanding the statute of frauds and perjuries, will be found to be the settled law of this state since the case of Syler v. Eckhart, 1 Binn. 378. The question is generally one of execution. As in parol sales where the performance has been carried so far, or is of such a character as to make compensation difficult or impossible, the contract is exempted from the operation of the statute." See Caldwell v. Caldwell, 24 Pa. Superior Ct. 230.

In Borie v. Satterthwaite et al., 180 Pa. 542, Mr. Justice MITCHELL (p. 549), speaking in regard to specific performance of contracts for the sale of land, said: "As each of these grounds is and has always been a subject of general equitable jurisdiction, the suggestion that there is a full remedy at law does not merit serious discussion."

In Schuey v. Schaeffer, 130 Pa. 16, it was held in equity, that specific performance of a parol contract for the sale of land, founded upon sufficient evidence that the contract had been entered into, possession taken by the plaintiff in pursuance thereof, and valuable improvements made by him upon the land, would be enforced notwithstanding the fact that all of the purchase money had not been paid; that it was not error to decree specific performance, a deed to be executed and delivered to the plaintiff upon the payment of the purchase money due.

The present case comes fully under the rule laid down in Hart et al. v. Carroll, 85 Pa. 508. But it has been so long the settled

law in Pennsylvania, and so often affirmed by our Supreme Court, that equity will enforce the specific performance of a parol contract for the sale of land where the facts are as found by the learned court below in the present case, that we refrain from lengthening this opinion with the citation of authorities to sustain a legal proposition that ought, at this time, to be understood by every lawyer.

The learned counsel for the defendant contends that the decree ought to be reversed because of a preliminary injunction alleged to have been issued on April 1, 1907, and because the case was not heard until March, 1908, about a year after that injunction was issued. For that reason, he argues that the final decree in this case ought to be reversed, citing equity rule No. 82 and some other authorities. We fail to see any force in this contention because the record shows that a full and final hearing was thereafter had and the learned chancellor found the facts and his conclusions of law and filed a decree nisi; the counsel for defendant then filed elaborate exceptions which were, after argument, overruled and the final decree filed which is here appealed from. The learned counsel also contend that two decrees were entered; we do not know what they mean unless they refer to the decree nisi and the one filed after the exceptions were dismissed. The latter is substantially a copy of the former, and the two decrees so filed are in accordance with the equity rules. The record shows that the defendant and his counsel participated in the hearing at every stage after the filing of the preliminary injunction, if one was filed, but we do not find any such injunction printed in the record. The defendant who has appeared and tried his case before the chancellor and filed his exceptions to the findings of fact and conclusions of law, and to the nisi decree, cannot be heard, after final decree, on the question of whether the preliminary injunction issued at the commencement of the suit was valid or invalid. The jurisdiction of the court does not depend on the preliminary injunction. If there was one, it filled its office and dropped out of the case so far as we can see.

The learned counsel next take the position that: "Where rights which are legal are asserted on one side and denied on the

other, the remedies are at law. They cannot be settled under equity forms; this is undoubtedly the general rule." In support of this proposition Washburn's Appeal is cited (105 Pa. 480), and a number of other cases along the same lines, but a mere glance at these cases show that they hold that a court of equity has no jurisdiction to settle a disputed legal title to land. In such cases the defendant has the right to have the disputed questions of fact affecting his legal title submitted to a jury, according to the rules of law.

O'Neil v. McKeesport, 201 Pa. 386, is also cited, but that authority does not touch the question at issue in the present case, nor does Coward v. Llewellyn, 209 Pa. 582, another of defendant's cases. Counsel also cites New Castle v. Raney, 130 Pa. 546, as sustaining the position that the plaintiff's rights in the present case must be determined at law. But that case has no bearing on the power of a court of equity to enforce specific performance of a parol contract for the sale of land. Several other cases are cited, but they altogether show that the learned counsel for the defendant have entirely failed to distinguish the cases and comprehend the power of a court of equity in the enforcement of parol contracts for the sale of land.

We have examined the exceptions and specifications of error and find that they are all without merit. The decree is affirmed, and appeal dismissed, at the costs of appellant.