# Whitmore, Appellant, v. Heeter.

*Equity—Equity jurisdiction—Continuing trespass on land—Irreparable damages.*

1. Equity has jurisdiction to restrain a continuing trespass upon rights inherent to ownership of land.

2. It is reversible error for the court to dismiss a bill in equity on demurrer, where the bill alleges that the title to certain land and the possession thereof was in the plaintiffs; that the defendant had drilled and operated a gas well and abandoned it at a time stated, at which time the pumping machinery had been removed; that the plaintiffs had attempted to put the well in shape to produce oil, and had been interfered with and prevented by defendant; and that defendant threatens to enter the premises and remove the casing and derrick from the well, and that said acts of defendant if performed would cause plaintiffs irreparable damages.

Submitted May 12, 1914. Appeal, No. 27, April T., 1914, by plaintiff, from decree of C. P. Clarion Co., Feb. T., 1913, No. 2, sustaining demurrer to bill in equity in case of A. H. Whitmore et al. v. W. S. Heeter. Before RICE, P. J., ORLADY, HEAD, PORTER, HENDERSON, KEPHART and TREXLER, JJ. Reversed.

Bill in equity for an injunction.

The bill averred that the plaintiffs are the owners of a certain tract of land containing forty-three acres and twenty-one square perches, situate in the township of Salem, county of Clarion, Pa., and was duly and properly conveyed to them. That at the time of the execution and delivery of the deeds for the properties, there had been for about nine years last past, and now is a certain well on said premises drilled for oil, and which in the autumn of 1903 and until about June of 1904 produced oil, and that the plaintiffs were informed and believe that the well was drilled by or for W. S. Heeter, the defendant in this case, and Irvin L. Mong.

That since on or about June of 1904, the well has produced no oil, and that the alleged owners have not pumped or attempted to pump it, and have not exercised any acts of ownership over it, but have permitted the said well to stand open, and from it is constantly issuing a quantity of gas, which flows into the open air; and that the plaintiffs have no knowledge of any lease or other instrument of writing conferring upon the defendant and Irvin L. Mong, or any other persons, the right to have drilled said well nor to claim any interest or ownership in it; and that the defendant, W. S. Heeter, threatened to go upon the premises above described and pull the casing and tubing rods from said well and to remove them from the premises, together with a derrick which is standing over the said well.

That if the defendant and Irvin L. Mong ever had any rights on the said premises, they have forfeited the same by abandonment of the premises on or about

June, 1904. It is also alleged that the said well would have been a producing oil and gas well if it had been properly operated continuously, and that at the present time if properly cared for and operated will again become a producing well in paying quantities, and that the plaintiffs attempted to connect said well with pumping machinery, but were prevented by the said W. S. Heeter from making the necessary attachment by threats of personal injury in case they persisted; and set forth that they need equitable relief, and prays: 1st. That the defendant, the said W. S. Heeter, his agents, servants and employees, be enjoined and restrained from entering upon the premises described in the bill, and from pulling the casing and tubing from the well therein described, and removing the same and the derrick, or any part thereof, and from in any way interfering with the said well or with the plaintiffs in their use or occupation of the same. 2d. For such other and proper relief as to the court may seem just and proper.

On February 26, 1913, defendant demurred to the plaintiff's bill, and in the said demurrer set forth seven causes of demurrer. On March 3, 1913, the plaintiffs presented a motion for leave to amend, which was granted, which motion for leave to amend plaintiffs' bill was as follows: "By inserting therein Paragraph 4½, as follows: Your Orators are now and for some time prior to the filing of the bill in this case have been in possession of the lands described in Paragraph 1 thereof, and the said defendant is not now and was not at the time of the filing of said Bill in possession of the premises described in said bill, or any part thereof."

The defendant demurred on the ground that there was an adequate remedy at law.

The court sustained the demurrer and certified the case to the law side of the court.

*Error assigned* was decree sustaining demurrer to bill in equity.

*Maffett & Rimer*, for appellant.—The court had jurisdiction: Ferguson's App., 117 Pa. 426; Washburn's App., 105 Pa. 480; Schuler v. Schuler, 39 Pa. Superior Ct. 635; Bicking v. Florey's Brick Works, 53 Pa. Superior Ct. 358; Cannon v. Wickham, 242 Pa. 16; Duffield v. Hue, 136 Pa. 602; Hacke's App., 101 Pa. 245; Greensboro Natural Gas Co. v. Gas Co., 200 Pa. 388; Ullom v. Hughes, 204 Pa. 305; Hutchinson v. Dennis, 217 Pa. 290; Sparhawk v. Ry. Co., 54 Pa. 401; Manbeck v. Jones, 190 Pa. 171; Richmond v. Bennett, 205 Pa. 470; Garvey v. Refractories Co., 213 Pa. 177; Carroll v. Asbury, 28 Pa. Superior Ct. 354; Andreas v. Steigerwalt, 29 Pa. Superior Ct. 1; Piro v. Shipley, 211 Pa. 36.

*S. K. Clarke*, for appellee.—Complainant's rights must be clear to entitle him to enjoin: Mayer's Appeal, 73 Pa. 164; Gatzmer v. St. Vincent Society, 147 Pa. 313.

A court of equity, in the absence of fraud, has no jurisdiction to deprive a party of his legal title by decree; that is solely within the jurisdiction of a court at law: North Shore Railroad Co. v. Penna. Co., 193 Pa. 641; Leininger's App., 106 Pa. 398; Rhea v. Forsyth, 37 Pa. 503; Washburn's App., 105 Pa. 480; Duncan v. Iron Works, 136 Pa. 478; Penna. Coal Co. v. Jones, 30 Pa. Superior Ct. 358; Thomas v. Hukill, 131 Pa. 298; Ullom v. Hughes, 204 Pa. 305.

OPINION BY TREXLER, J., July 15, 1914:

We all think the learned court was in error when he sustained the demurrer to the plaintiff's bill. Briefly stated the bill alleges that the title to the land and the possession thereof is in the plaintiffs; that upon the land the defendant and another had drilled and operated a gas well and had abandoned it about June, 1904, at which time they had removed the pumping machinery; that plaintiffs attempted to put the well in shape to produce oil and have been interfered with and prevented by de-

fendant and that defendant threatens to enter the premises and remove the casing and derrick from the well and that said acts of defendant if performed would cause plaintiffs irreparable damages.

The lower court held that plaintiff's remedy was in a court of law. For the present determination of the case we must consider the allegations of the bill as admitted. There is therefore no question of title involved. Plaintiff's right of possession is conceded. For an interference with this right, or a threatened invasion of it as laid in the bill, equity will apply. The general rule is that where rights that are legal are asserted on one side and denied on the other, the remedies are at law. They cannot be settled under equity forms. In actions respecting real property, therefore, if there are no equitable grounds of relief involved, the rights of the parties must be determined at law. When they are determined, or where they are admitted in the pleadings, or otherwise clearly appear, an equity based upon that right superinduced by the acts of the parties may be asserted and a decree of equitable relief made. Thus equity is made the means, not of establishing the legal right, but of giving adequate protection in the enjoyment of it when thus established: Washburn's App., 105 Pa. 480; Ferguson's App., 117 Pa. 426. The test as stated in Washburn's Appeal is whether there is a clear and certain right to the enjoyment of the subject in question and an injurious interruption of that right which upon just and equitable grounds ought to be prevented.

We think such a state of facts is presented as brings the case within the lines of the above principle. As in Greensboro Natural Gas Co. v. Gas Co., 200 Pa. 388, upon the face of matters as now presented there are no rights which must first be determined by law. The issue as raised by the demurrer in this case is one simply of trespass upon rights inherent to ownership. If the case proceeds further it may present an entirely different

phase, but in its present aspect the dismissal of the bill was error.

The specifications of error are sustained and the decree of the lower court is reversed and the bill is reinstated. It is ordered that the record be remitted to the court below for further proceedings.