## Alexander v. Smith et al.

*Ejectment—Incorporeal hereditament—Possession—Right of possession—Joint interest of public and individual—Highways.*

1. The general rule is that an incorporeal hereditament will not support an ejectment; but if the owner of the hereditament has acquired possession and is in enjoyment thereof and has been wrongfully disseized, ejectment will lie to restore him to his actual place on the land.

2. A mere private individual cannot maintain an action of ejectment where he bases his claim purely upon the right of passage over a highway which he has in common with all other members of the public.

3. An ejectment cannot be maintained on a declaration by which plaintiff claims "to recover the right to use a certain piece of land for herself and the public in general."

Motion for judgment for defendant *non obstante veredicto.* C. P. Clearfield Co., Sept. T., 1922, No. 249.

*Arnold & Platt,* for motion.

*Pentz & Pentz* and *Miller & Hartswick,* contra.

BELL, P. J., Dec. 28, 1923.—The underlying ground of this motion is that whatever right the plaintiff may have cannot be redressed in this action, it being an action in ejectment brought by the plaintiff, according to the præcipe, for a certain piece of land, "the right of the use of which, and the title or possession of which, the said Agnes Alexander avers is in her and the public in general;" and in the plaintiff's declaration it is averred that the action is brought "to recover the right to use a certain piece of land for herself and the public in general;" and further avers that the land described is a part of a highway established "for the use of the public by common use and consent . . . for more than thirty years." The defendants aver that whatever may be the right of the plaintiff therein, she cannot sustain this action upon the cause pleaded and raised the question at the trial, but the plaintiff elected to proceed upon the statement as filed, thereby clearly and definitely defining this issue.

Concededly, the fee of this piece of land is in the defendants, and the alleged right of the plaintiff is neither land, tenement nor incorporeal hereditament, and the defendants insist that ejectment will lie only for one of these three classes of property.

The general rule is settled that an incorporeal hereditament will not support an action of ejectment: Hancock v. McAvoy, 151 Pa. 460. This is subject to the qualification that if the owner of the hereditament had acquired possession and was in enjoyment thereof and had been wrongfully disseized, ejectment would lie to restore him to his actual place on the land: Karns v. Tanner, 66 Pa. 297; Kelly v. Keys, 213 Pa. 295. This is another application of our law of a principle most familiar to us in dealing with remedies in cases of executed contracts as distinguished from executory ones, and is a working out by our procedure of precise justice in restoring to the aggrieved person that of which he was wrongfully disseized. In O'Neil v. McKeesport, 201 Pa. 386, the legal title was in plaintiff and the city claimed an alley by dedication, and it was held that the plaintiff could maintain ejectment, if out of possession, or trespass, if in possession, and this is palpably true because plaintiff was the owner of the fee. In Coward v. Llewellyn, 209 Pa. 582, there was concededly an alley twenty feet wide, but plaintiff claimed that an additional ten-foot strip had been dedicated to public use, which was denied by the holders of the title in fee, and the court said that the remedy of

Alexander v. Smith et al.

the plaintiff was not in equity, adding, "and plaintiffs have more than one legal remedy."

The pending action presents a feature which we have not found in any reported case. The plaintiff avers a right of passage in the whole public, and brings this action for herself and the public generally. Her rights, as averred, are only those which are possessed by the public generally, and. are no greater. She may use the way more frequently than do other people, but the character and the quality of the right to use, as pleaded, is that possessed by every other member of the public. According to the plaintiff's statement and the proofs, this is a public way, with no right in the plaintiff peculiar to her, or was there ever any possession by her which was exclusive as to any one. To our mind, this cannot be said to be a possession when it is held in common with, and is no greater than, that of every other person. Possession carries with it not merely a user, but the right to exclude others: Rice v. Frayser, 24 Fed. Repr. 460; Gilkerson-Sloss Com. Co. v. London (Arkansas), 13 S. W. Repr. 513; Webster Lumber Co. v. Keystone L. & M. Co. (W. Va.), 42 S. E. Repr. 632; Fort Dearborn Lodge v. Kline (Illinois), 3 N. E. Repr. 272. In Pennsylvania, ejectment is most emphatically a possessory action, brought by one who has the present right of possession and out of possession against one who is wrongfully in possession; wrongfully, at least, in so far as the exclusion of the plaintiff is concerned. So we conclude that there never has been any possession of the plaintiff here which has been in its character exclusive or which gave her the right to exclude others, but is merely a common right possessed by every one, giving her averments and proofs their widest significance. In Kister v. Reeser, 98 Pa. 1, it is said: "A private way is an incorporeal hereditament of a real nature, entirely different from a common highway; it is the right of going over another man's ground." In consideration of this class of cases, we must not be misled by those rulings which arose where the right of a party rests on implied covenants in his deed, because such right as appurtenant to his land is wholly distinct from the public right of passage: In re Melon Street, 182 Pa. 397; Wickham v. Twaddell, 25 Pa. Superior Ct. 188. In Fisher v. Farley, 23 Pa. 501, the suit was for damages for obstructing a private right of way, and no special damages were alleged or proven. The court told the jury that if they found that the way was a public foot-path, common to the use of any person who had occasion to use it as a foot-path, there could be no recovery under the pleadings and evidence, and this ruling is referred to approvingly by the Supreme Court.

Upon the pleadings and proof in the pending case, the plaintiff has undertaken to bring a private action for invasion of her rights as a member of the public, without any allegation or averment of any special damage to her, and she has chosen to bring this action in ejectment. Clearly she cannot be given possession of the land, and the most that the sheriff could do would be to exclude the person obstructing the premises. Practically, a recovery in ejectment and the execution of process therein means that the defendants are obliged to remove the obstructions and refrain from interfering with the free passage of the plaintiff. This is exactly what would be the effect of an injunction, and it is well settled that a mere participant in a public right cannot bring her private action and seek by injunction to compel the removal of obstructions to a public way, unless there are averments showing some special damage to herself. While there is much confusion upon the subject, and, as has been said by the Supreme Court as to some phases of the discussion, it is not easy to reconcile the cases, yet we cannot escape the conclusion that the plaintiff, as a mere private individual, cannot maintain an action of

4 D. & C.

ejectment, basing her claim purely upon the right of passage which she has in common with all the other members of the public. If this be a way at all, it is a public way under the pleadings and proof, and for its obstruction the remedies must be resorted to which are applicable to that class of way as distinguished from those which are used for the obstruction of a private way.

Now, Dec. 28, 1923, the motion for judgment n. o. v. is granted, and judgment is entered notwithstanding the verdict in favor of the defendants. Exception noted and bill sealed to the plaintiff.

From John M. Urey, Clearfield, Pa.