Avery v. Quinby

*George C. Laub*, for plaintiff.

*George Weitzman*, for defendants.

FRANCIOSA, J., January 25, 1971.—Plaintiff commenced an action in equity seeking to enjoin defendants from trespassing upon and interfering with plaintiff's use of his land. The form of the complaint indicates that the instant case is a suit to enjoin a continuing trespass.

Defendants have filed preliminary objections on the ground that the proceedings should have been instituted on the law side of the court because of the presence of a full, complete and adequate remedy at law. They argue that the "the kernel of the controversy is the legal title to land," and that the proper proceeding to try title to land is an action of ejectment at law, rather than an injunctive proceeding in equity.

The complaint contains averments of plaintiff's good title to the land which is subject to the alleged continuing trespass. No responsive pleading has been filed by defendants which puts in issue the question of plaintiff's title to the tract. If defendants file an answer to the complaint, they run afoul of Pennsylvania Rule of Civil Procedure 1509(c), 12 PS Appendix, which provides:

"The objection of the existence of a full, complete and adequate non-statutory remedy at law shall be raised by preliminary objection." Our courts have stated that the language of rule 1509(c) provides

for an absolute waiver if the objection is not so pleaded.[1]

On the other hand, until plaintiff's title is put in issue, equity has jurisdiction to give adequate protection against a continuing trespass. The legal principle that equity will enjoin continuing trespasses is well settled.[2]

Since plaintiff's well-pleaded complaint indicates the propriety of proceeding in equity, and absent an answer putting in issue the question of his good title, we are reluctant to transfer the case to the law side of the court for disposition. Yet, by requiring such an answer, we do not want defendants placed in a position where they will be considered as having waived their objections that the issues between the parties should properly be disposed of by an action at law, e. g., an action of ejectment.

Fortunately, a procedure is available which will permit us to escape the horns of this dilemma. In Carelli v. Lyter, 430 Pa. 543, the following was stated, at page 547.

"Nor do we mean to imply that the defendant in every case by failure to make a preliminary objection waives his right to assert the existence of an adequate remedy at law. We can imagine cases where a well-pleaded complaint indicates the propriety of proceeding in equity; . . . Under these circumstances, it would be unreasonable to expect the defendant to object by preliminary objection that an adequate remedy at law exists . . ."

While the Supreme Court held that the objection to the propriety of a case involving trespass upon being heard in equity comes too late once the chan-

---

[1] See Jones v. Amsel, 388 Pa. 47.

[2] See Stewart and Foltz's Appeal, 56 Pa. 413; Walter v. McElroy, 151 Pa. 549; Whitmore v. Heeter, 58 Pa. Superior Ct. 342; Gardner v. County of Allegheny, 382 Pa. 88.

cellor has adjudicated the case on the merits, the right of a court, sua sponte, to rule that the issue should properly be disposed of by an action of law was recognized as being available at any time prior to the final adjudication of a case.

On the authority of Jones v. Amsel and Carelli v. Lyter, supra, we enter the following

### ORDER OF COURT

And now, January 25, 1971, defendants' preliminary objections are denied and dismissed and they are directed to file an answer to plaintiff's complaint within 20 days hereof; the filing of such answer shall not constitute a waiver of the objection that the issues between the parties should be properly disposed of by an action at law. If the existence of an adequate remedy at law is raised by the averments in the answer, or at the time evidence is submitted to the chancellor, the court, sua sponte, shall rule whether the case should properly be transferred to the law side of the court for disposition.