## Peter Van O'Linda et al. versus Thomas C Lothrop.

The owner of a narrow strip of land, and also of land adjoining it on the north anc on the south, conveyed to the same grantee two parcels of land, one of which was described as bounded south on a " street," and the other, as bounded north on an " intended street," the strip of land first mentioned being referred to by these words. It was *held*, that the fee in such strip of land did not pass by the deed ; but that the grantee acquired a right of way therein, by implication, or on the principle of estoppel.

It is not a trespass upon the owner of the soil of a street, in a populous town, to erect buildings and fences on the line of the street with doors and gates so constructed as, when opened, to swing over it ; or, in constructing such buildings, to place within the limits of the street, building materials and the earth dug from the cellar, pro vided the street is not improperly obstructed and such materials and earth are removed within a reasonable time; or to spread earth on the street for the purpose of improving it as a way ; or to allow horses and carriages occasionally to stand in such street against or near a house.

Trespass *quare clausum.* At the trial, before *Shaw* C. J., it appeared, that the *locus in quo* was a parcel of land in New Bedford, forty feet in width and about two hundred and eighteen feet in length ; that the plaintiffs claimed the fee under a deed from Charles Russell, dated on the 30th of October, 1834 ; and that the defendant claimed a right of way over it, as a street and way appurtenant to his house and land, which adjoined it on the south.

It was proved or admitted, that prior to the 26th of Decem ber, 1833, Russell owned the *locus*, together with land adjoining it both on the north and on the south ; that he had erected a stone dwellinghouse on the lot adjoining it on the north, and a stone building, used as a barn, on the lot adjoining it on the south, which last mentioned building had since been finished and fitted as a dwellinghouse, being the house owned and occupied by the defendant; that on the 26th of December, 1833, Russell conveyed to Joseph Ricketson and others, in fee and with warranty, two parcels of land, one of which was described as bounded south on a " street," and the other, as bounded north on " an intended street " ; that the *locus* was the land referred to in such deed as the " street " ; that on the 30th of July, 1835, Ricketson and others conveyed the southerly one of these lots, with the appurtenances, to the defendant, who had ever since owned and occupied the same

The judge proposed to instruct the jury, that, by the deed from Russell to Ricketson and others, supposing that the fee in the *locus* did not pass, but remained in the grantor, the grantees acquired a right of way in the *locus*, as appurtenant to the lots on the north and south thereof ; that this easement passed with the land to the defendant ; and that he had a right to use it for all beneficial purposes for which a street or passage way might be rightfully used.

To this construction of the deed the plaintiffs excepted.

The plaintiffs also contended, that even if the defendant had such a right of way, yet that they might maintain the action, because the defendant had used the *locus* for purposes and to an extent which his right of way did not warrant.

In regard to this point, there was evidence tending to show, that the defendant had erected buildings and fences on the north line of his own lot and immediately adjoining the south side of the alleged street, with gates and doors so constructed as, when opened, to swing over the alleged street, and that he had so opened the same ; that he had had horses, cattle and carriages occasionally standing on the *locus* ; that he had placed stone, timber and other building materials thereon and kept them a considerable time preparatory to building on his own premises ; that he had built a barn on his land, and thrown out the earth on the alleged street, preparatory to removing the same ; and that he had spread earth and gravel on some part of the surface of such alleged street, especially about and near his barn, in order to make the same more level and to facilitate the entrance to the barn.

Reserving the question, whether trespass *quare clausum* would be the proper remedy for any such abuse of the right of way, the judge proposed to instruct the jury, that if the defendant made no other use of the *locus*, than such reasonable use as an owner of land commonly makes of a private way appurtenant to his estate, or of a public highway adjoining thereto, the plaintiffs would have no cause of action ; that otherwise, they would ; that in a populous town, where land is valuable, it is not an unreasonable use of such a way, to erect fences and buildings on the line thereof, and to construct gates and doors so as to swing over it ; or to place building materials

O'Linda
*v.*
Lothrop.

upon such way, and to throw out earth dug from a cellar thereon, or to stop or place carriages and wagons upon it, if not continued an unnecessary or unusual length of time ; or to level the surface and spread earth and gravel upon it, if it is done in good faith, for the purpose of improving it as a way, and in a suitable and proper manner for that purpose.

To these directions the plaintiffs excepted, and thereupon a verdict was taken for the defendant, subject to the opinion of the whole Court.

If he Court should be of opinion, that the instructions to the jury, or any of them, were erroneous, and that the plaintiffs were entitled to recover, the verdict was to be set aside and a new trial granted, or the verdict was to be so amended as to stand as a verdict for the plaintiffs, and damages to be assessed in such manner as the Court might prescribe ; otherwise, judgment was to be entered on the verdict, for the defendant.

*Oct. 26th.*   *Baylies*, and *Ezra Bassett*, for the plaintiffs.   The soil and freehold of the *locus* did not pass by the deed from Russell to Ricketson and others.   This parcel does not come within the description in the deed ; and it could not pass as appurtenant to other land.   *Clap* v. *McNeil*, 4 Mass. R. 589 ; *Alden* v. *Murdock*, 13 Mass. R. 256 ; *Tyler* v. *Hammond*, 11 Pick. 193 ; *Jackson* v. *Hathaway*, 15 Johns. R. 447 ; *Sibley* v. *Holden*, 10 Pick. 249.   If the soil and freehold of the *locus* remained in Russell, it passed by his deed to the plaintiffs.

We contend further, that Ricketson and others did not acquire even a right of way over the *locus.*   There was no grant of such right in express terms ; and it could not pass as an *appurtenance* to the land, for Russell did not hold it as appurtenant, it not being a way *in esse.   Gayetty* v. *Bethune*, 14 Mass. R. 49 ; *Grant* v. *Chase*, 17 Mass. R. 443.   The description of the land in the deed of Russell to Ricketson and others, as bounding on a street, does not amount to an implied covenant on the part of the grantor, that there was such a street, nor does it estop him to deny its existence.   *Clap* v. *McNeil*, 4 Mass. R. 589.

But if the defendant has acquired a right of way in the *locus*, the evidence proves, that he has used the land for purposes

and in a manner, which such right would not warrant, the plaintiffs being entitled to all the use and profits of the land subject to a mere right of way in the defendant. *Lade* v. *Shepherd,* 2 Str. 1004 ; *Goodtitle* v. *Alker,* 1 Burr. 133 ; *Hart* v. *Chalker,* 5 Connect. R. 311 ; *Peck* v. *Smith,* 1 Connect. R. 103 ; *Perley* v. *Chandler,* 6 Mass. R. 454 ; *Stackpole* v. *Healy,* 16 Mass. R. 33 ; *Adams* v. *Emerson,* 6 Pick. 57 ; *Robbins* v. *Borman,* 1 Pick. 122 ; 3 Dane's Abr. 261, cites *Fowler* v. *Saunders,* Cro. Jac. 446 ; *Rex* v. *Russell,* 6 East, 427 ; *Rex* v. *Jones,* 3 Campb. 230 ; *Dovaston* v. *Payne,* 2 H. Bl. 527 ; 1 Dane's Abr. 137.

*Coffin* and *Colby,* for the defendant, cited *Parker* v. *Smith,* 17 Mass. R. 413 ; *Leonard* v. *White,* 7 Mass. R. 6 ; *Emerson* v. *Wiley,* 10 Pick. 310.

Morton J. delivered the opinion of the Court. The defendant admits and justifies the entry and trespass. The plaintiffs claim the *locus in quo* in fee. The defendant claims a right of way over it. There is no doubt, that the deed from Charles Russell to the plaintiffs, of October, 1834, covers the land in controversy. But prior to that deed, Russell, who was then seised of the land now owned by both parties, as well as of other land on the north of it, now owned by Edward Robeson, in December, 1833, conveyed to J. Ricketson and others the lots on the north and on the south of the *locus in quo.* One was bounded north " on an intended street," and the other, south on a " street." The defendant derived a title to the south lot from Ricketson and others, who conveyed the north lot to Robeson. These two lots are 40 feet apart, leaving between them a strip of land 40 feet wide and 217 or 218 feet long, which is the subject of this suit.

If the defendant can establish any right over the premises, it must be by virtue of the deed of Russell to Ricketson and others ; and the true construction of that deed is the principal question in the case. It is supposed to be settled by the adjudged cases in this Commonwealth, that in a line running to a road or bounded by a road, the road is excluded. *Clap* v. *M'Neil,* 4 Mass. R. 589 ; *Alden* v. *Murdock,* 13 Mass. R. 256 ; *Sibley* v. *Holden,* 10 Pick. 249 ; *Tyler* v. *Hammond,* 11 Pick. 193 And yet there seems to be a great analogy

*O'Linda*
*v.*
Lothrop

*April term*
1839,
*in Bristol.*

between a boundary upon a river and upon a road. In the former case it is well settled that the *filum aquæ* is the true line, and that all the soil under the water vests in the adjoining proprietors, subject to the easement of the public in the river. And should the river be diverted, or for any cause cease to flow, the ownership of the land would become perfect for all purposes. A public highway is, in many respects, in its legal uses, similar to a river. It is not easy to see why two co-terminous proprietors bounded upon a road or street, should not take the fee to the centre of the highway, subject to the public servitude. This doctrine is maintained by Chancellor *Kent*. 3 Kent's Comm. 349, and is supported by the case of *Jackson* v. *Hathaway*, 15 Johns. R. 447. Perhaps the cases in our courts may all be sustained without any inter ference with the general rule, that land bounded upon the high way extends to the centre of it, as laid down in New York and elsewhere. In some of the cases, if not all of them, the description was so specific as necessarily to exclude the ways. But whatever may be the correct general rule, we are satisfied that the deed to Ricketson and others excluded the land in question. The street did not then exist in actual use, but only in contemplation. If Russell had intended to convey the land between the two lots, there could be no possible reason for separating the land into two parcels, giving to each a separate boundary, limiting one by the north side of the proposed street and the other by the south side of it.

We are therefore of opinion, that the fee did not pass by that deed. It was not expressly granted, and it could not pass incidentally. Land will not pass as incident or appurtenant to land.

As the purchasers of the estates on each side of the *locus in quo* did not acquire a right to the soil itself, it remains to be seen whether they acquired an easement over it. There was no express grant of a right of way. Nor did any way pass as appurtenant to the land granted, none then being in use or in existence. If the defendant acquired an easement in the land, it must have been by implication, or on the principle of estoppel.

The doctrine laid down in *Parker* v. *Smith*, 17 Mass. R. 413, seems to us to be a very reasonable and equitable one.

That case, we think, was perfectly analogous to this ; but if there be any difference, this is the stronger of the two. It was there said, that " the grantor and his heirs are estopped from denying, that there is a street or way to the extent of the land, on those two sides. We consider this to be not merely a description, but an implied covenant, that there are such streets." This opinion is decisive of this part of the case. A right of way vested in Ricketson and others ; and they, by their deed, conveyed the same to the defendant.

But it is contended by the plaintiffs' counsel, that even if the defendant had a right of way, yet he so abused it as to become a trespasser. There is no doubt, that the owner of the fee of land, over which a way, public or private, exists, has a right to the enjoyment of any use of his estate consistent with the servitude to which it is subjected, and may maintain trespass for any interruption of his enjoyment. *Robbins* v. *Borman*, 1 Pick. 122 ; *Adams* v. *Emerson*, 6 Pick. 57.

The use of the way by the defendant which is complained of, consisted in placing gates and doors so near the street that when opened they swung over it ; in suffering horses and carriages occasionally to stand in the street near his premises , in placing timber and other materials on the street preparatory to building a barn on his own land ; in throwing earth out of his cellar on to the street for the purpose of removing it ; and in spreading some earth on the street to make it more level and to make his own barn more accessible. This is alleged to be an unreasonable use of the way and such a one as amounts to a trespass

What may be deemed a reasonable and proper use of a way, public or private, must depend much on the local situation, and much on public usage. The general use and the acquiescence of the public is evidence of the right. The owner of land may make such *reasonable* use of a way adjoining his land, as is usually made by others similarly situated. As to' the reasonableness of the use, it may well be laid down, that in a populous town where land is very valuable, it is not unreasonable to erect buildings and fences on the line of the street and to place doors and gates in them, so as when opened to swing over the street. When the owner of a lot in such

O'Linda
v.
Lothrop.

a situation has occasion to build, and for that purpose to dig cellars, he may rightfully lay his building materials and earth within the limits of the street, provided he takes care not improperly to obstruct the same, and to remove them within a reasonable time. It is very obvious that, without this privilege, it would be in some situations nearly or quite impracticable to build at all. If he be guilty of a wrong to any one, it is to the public, and not to the owner of the land. If he is guilty of a nuisance, he is answerable to the Commonwealth. The spreading earth or gravel on a way with an honest intent to improve the way and make it more convenient for public use, and thereby actually improving it, is clearly no trespass on the owner of the land. Much less is it a trespass, occasionally to allow horses and carriages to stand in the street against or near a house. This is one of the appropriate uses of a highway. If this were to be deemed a trespass, very few of us would escape.

These were the substance of the instructions which were given to the jury. We think they were correct; and judgment must be rendered upon the verdict.