## O'Neil *v.* McKeesport, Appellant.

*Equity—Ejectment bill—Remedy at law.*

A court of equity has no jurisdiction to entertain a bill against a city to enjoin the taking down of a fence which had been erected to cut off the use of an alley by the public, where the plaintiff claims that his predecessor in title had originally opened the alley as a convenience to neighboring landowners and under an agreement with them that the use of it should terminate when another alley was opened, and that the easement in the alley in controversy had been legally terminated by the opening of the second alley.

Argued Nov. 6, 1901. Appeal, No. 146, Oct. T., 1901, by defendant, from decree of C. P. No. 2, Allegheny Co., April T., 1901, No. 695, on bill in equity in case of Harvey D. O'Neil, Anna E. B. O'Neil, Caroline R. O'Neil, Harry O. Murphey, James S. Kuhn, Ella M. Kuhn and James D. O'Neil v. City of McKeesport. Before McCollum, C. J., Mitchell, Dean, Fell, Brown, Mestrezat and Potter, JJ. Reversed.

Bill in equity for an injunction.

Plaintiffs being owners of a lot across which the public had been using an alley as a passage way, fenced in the alley and sold the lot to the school district, but payment was refused on the ground of the public easement. Plaintiffs then filed this bill to prevent the city from interference with the fence. The other facts sufficiently appear by the opinion of the Supreme Court.

The court entered a decree in favor of the plaintiff.

*Error assigned* was the decree of the court.

*J. D. Douglass* and *J. McF. Carpenter*, for appellant.—The court had no jurisdiction to entertain the bill: Washburn's App., 105 Pa. 482; Ferguson's App., 117 Pa. 426; Thomas v. Hukill, 131 Pa. 298; Penna. Canal Co. v. Middletown & Harrisburg Turnpike Co., 1 Pa. Dist. Rep. 663; Lewis v. Cocks, 23 Wallace, 466; Silvis v. Clous, 1 Pa. Superior Ct. 45; Wiser's App., 9 W. N. C. 508.

*W. A. Challener*, with him *W. B. Rodgers*, for appellees.

OPINION BY MR. JUSTICE MITCHELL, January 6, 1902:

This is a controversy over a title at law. The claims of both parties start with the ownership in James O'Neil in 1851. It is admitted that in 1863 O'Neil opened the alley now in contention over a part of his land, and that it has been in use by the public ever since. Here the dispute begins. The plaintiffs claim that the opening was temporary under an agreement with the owners of adjoining land, and was to terminate when Sand alley should be opened through O'Neil's land so as to give the adjoining owners an outlet to Locust street, and that the use by the public has been permissive only. The plaintiffs as heirs of James O'Neil have now opened Sand alley to Locust street and have endeavored to fence in the alley in dispute, the fee of which is in them, and the easement in which they claim has legally terminated. The city of McKeesport on the other hand claims that when the alley was opened by O'Neil it was irrevocably dedicated to public use. This is the substance of the whole controversy and it is without any element of equitable jurisdiction: Washburn's App., 105 Pa. 480. An action of ejectment would settle the question, or if plaintiffs are unwilling to admit themselves out of possession, then an action of trespass for tearing down the fence would be equally effective or an action of assumpsit for the balance of the purchase money retained by the school district.

Decree reversed and bill directed to be dismissed with costs, but without prejudice to the rights of the parties at law.