## Scanlin, Appellant, *v.* Conshohocken Borough.

*Equity—Jurisdiction—Remedy at law—Right of passage over land—Dedication to public use.*

Where in an equity suit it appears that the whole question in controversy is whether the use by the public of a passage over land for more than twenty-one years was equivalent to a dedication, or was merely permissive and might be stopped by the owners of the land at their will, the bill will be dismissed for want of jurisdiction in equity without prejudice to the rights of the parties at law.

Argued Feb. 1, 1904.    Appeal, No. 188, Jan. T., 1904, by plaintiffs, from decree of C. P. Montgomery Co., Oct. T., 1902, No. 1, dismissing bill in equity in case of Mary Scanlin, James P. Scanlin and Lizzie A. Scanlin v. Burgess and Council of Conshohocken Borough and David H. Ross, William Little and John A. Harrold, Street Commissioners.    Before MITCHELL, C. J., FELL, BROWN, MESTREZAT and POTTER, JJ. Affirmed.

Bill in equity for an injunction.

The plaintiffs in their bill filed averred that they were the owners of a tract of land bounded by Corson and Foulke streets, Conshohocken ; that the defendants had caused to be laid a pavement and curbing across said lots and not on the street lines ; that plaintiffs had enclosed it along the property line with a fence, and that defendants had threatened to tear the fence down, and prayed for an injunction restraining defendants from so doing and further relief.

Defendants answered, denying that they had trespassed on said lots, and alleged that Elm street (formerly Foulke street) was opened about twenty-four years ago across the southern corner of plaintiffs' lots and has been used since under a claim of right.

The court in an opinion by WEAND, J., in which facts were found and conclusions of law stated, dismissed the bill because of lack of jurisdiction of equity to determine the controversy in issue.

*Error assigned* was the decree of the court dismissing the bill.

*Henry M. Tracy*, for appellant.

*William F. Meyers*, with him *Frederic L. Clark*, for appellee.

PER CURIAM, April 18, 1904:

It is conceded that the title to the lots in question is in plaintiffs, but that for more than twenty-one years the public have been in the habit of using a short cut across the corner. The whole question in controversy is whether the use was equivalent to a dedication by which the public have acquired an easement of way, or was merely permissive and may be stopped by the plaintiffs as owners at their will. This is the exact question held in O'Neil v. McKeesport, 201 Pa. 386, to be a question at law, and not cognizable in the first instance, in a court of equity. We do not pass therefore on the merits of the case but affirm the decree dismissing the bill for want of jurisdiction in equity without prejudice to the rights of the parties at law.