## Godino, Appellant, v. Kane.

*Easement—Alley—Adverse use—Prescription—Remedy at law.*

An uninterrupted use of an alley for a period of twenty-one years unexplained is sufficient to create a right by prescription and to authorize a presumption of a grant.

Where the use of an easement is apparent and continuous, the burden is on the owner of the land to show that the easement was enjoyed under some permission or contract not consistent with the right claimed by the other party.

Where one uses an easement whenever he sees fit, without asking leave and without objection, the user is adverse.

Where a person claims title to an easement in an alley by adverse user for more than twenty-one years, and the owner of the land denies the title and alleges that the user was permissive only, equity has no jurisdiction. The remedy is at law.

Argued May 4, 1904. Appeal, No. 144, April T., 1904, by plaintiff, from decree of C. P. No. 2, Allegheny Co., April T., 1903, No. 387, dismissing bill in equity, in case of Antonio Godino v. William Kane. Before RICE, P. J., BEAVER, ORLADY, SMITH, PORTER, MORRISON and HENDERSON, JJ. Affirmed.

Bill in equity to restrain defendant from building over the one half of an alley. Before FRAZER, P. J.

The opinion of the Superior Court states the case.

The court entered a decree dismissing the bill.

*Error assigned* was the decree of the court.

*G. K. Wright*, for appellant.—That an alley used by both of two adjoining owners and laid out on land belonging to each, and which has been used for the prescriptive period, without objection by either of the two owners, can be the subject of prescription, is clear: Barnes v. Haynes, 79 Mass. 188; Dowl-

ing v. Hennings, 20 Md. 179; Township v. Bissell, 4 Hun, 297; Cannon v. Boyd, 73 Pa. 179; McCarthy v. Kitchenman, 47 Pa. 239; Kieffer v. Imhoff, 26 Pa. 438; Pierce v. Cloud, 42 Pa. 102; Carter v. Tinicum Fishing Co., 77 Pa. 310; Workman v. Curran, 89 Pa. 226.

The presumption arising from the unexplained use for the prescriptive period can only be overcome by evidence as to the origin of the use; Okeson v. Patterson, 29 Pa. 22; Hudson v. Watson, 5 Pa. Superior Ct. 456; Pierce v. Cloud, 42 Pa. 102; Manbeck v. Jones, 190 Pa. 171.

*Thomas L. Kane*, for appellee.—Mere naked use alone, no matter how long continued cannot create an easement; it is essential that the use be adverse to the right of the subservient owner: Huston v. Harrison, 168 Pa. 136; Delaney v. Thompson, 187 Pa. 343; Hopkins v. Stoneroad, 21 Pa. Superior Ct. 168; Mason v. Smith, 200 Pa. 270; Root v. Com., 98 Pa. 170; Demuth v. Amweg, 90 Pa. 181; Bennett v. Biddle, 140 Pa. 396; O'Brien's App., 11 W. N. C. 229; Hughesville Water Co. v. Person, 182 Pa. 450.

Plaintiff is not entitled to equitable relief, especially none by injunction: Rhea v. Forsyth, 37 Pa. 503; King v. McCully, 38 Pa. 76.

OPINION BY HENDERSON, J., December 21, 1904:

We do not agree with the learned court below in the conclusion that under the evidence presented the use of the private alley described in the bill was permissive. The plaintiff claims an easement based upon the fact of the existence of the alley and its use by himself and his predecessors in title for about sixty years; after the lapse of so great a time the plaintiff could not be required or expected to produce witnesses showing the inception of the use or the design of the adjoining owners in establishing the alley as indicated by the fences then built and the subsequent use thereof. Presumptions which arise from great lapse of time are unquestioned sources of evidence and courts pay especial attention to the rights acquired thereby: Read v. Goodyear, 17 S. & R. 350. The plaintiff had a right to rely on the existence and continuous use of the alley as evidence of his title. He bases his claim

upon the presumption arising from the unexplained user for a period longer than that necessary to give him a prescriptive right. It is a well established doctrine in this state that an uninterrupted use for the requisite period unexplained is sufficient to create a right by prescription and to authorize a presumption of a grant : Garrett v. Jackson, 20 Pa. 331. It was held in the case cited that where one uses an easement whenever he sees fit, without asking leave and without objection, it is adverse, and an uninterrupted enjoyment for twenty-one years is a title which cannot afterward be disputed, and the same doctrine was held in Pierce v. Cloud, 42 Pa. 102. The plaintiff was not required therefore to show affirmatively, otherwise than by the manner of the use that the enjoyment was adverse. In the absence of evidence showing that the use began and continued in a manner inconsistent with an adverse enjoyment, the presumption arises from the use of the easement at the pleasure of the user without leave or objection, that the enjoyment is adverse. Where the use of the easement is apparent and continuous, the burden is on the owner to show that it was enjoyed under some permission or contract not consistent with the right claimed by the other party : Pierce v. Cloud, 42 Pa. 102 ; Garrett v. Jackson, 20 Pa. 331 ; Carter v. Tinicum Fishing Co., 77 Pa. 310.

It does not follow, however, that because the plaintiff's evidence may be sufficient to establish his title, that there is jurisdiction in equity to enforce his right. It is alleged by him that he acquired the way over land belonging to the defendant by adverse user and relevant evidence was offered in support of his claim. The defendant denies the right and alleges the user was permissive only and subject to be terminated at any time, and some evidence was offered in his behalf which it is contended tends to maintain this defense. The issue so raised is not so clear as to give jurisdiction in equity, as in Manbeck v. Jones, 190 Pa. 171. Under the authority of O'Neil v. Mc-Keesport, 201 Pa. 386 and Scanlin v. Conshohocken Boro., 209 Pa. 48, the controversy should be determined in an action at law If the plaintiff has a title to the way, an action of trespass will enable him to establish that fact.

We therefore affirm the decree without prejudice to the rights of the parties in a proceeding at law.