# CASES

IN THE

# SUPERIOR COURT

OF

# PENNSYLVANIA.

---

## Andreas, Appellant, v. Steigerwalt.

*Deeds—Alley—Implied covenants—Boundaries.*

Where a street called for a boundary in a deed is not a highway nor dedicated to public use, the grantee does not take title in fee to the center of it, but by implication acquires an easement, or right of way over the lands. There is in such a case, an implied covenant that there is a way corresponding with the one described in the deed, that so far as the grantor is concerned it shall be continued, and that the grantee, his heirs and assigns, shall have the benefit of it.

Where an owner of land has his land laid out in lots, and conveys one of the lots, calling for an alley as a boundary appearing on the plan of lots the grantee has a right to the use of the alley as a means of access to his lot.

*Equity—Jurisdiction—Disputed claim as to land.*

A bill in equity to restrain interference with an alley, may be maintained where the plaintiff's right to the use of the alley under his deed from defendant is clear, and the defendant's denial of the right is based on testimony impeaching the deed which would be insufficient to warrant the court in its submitting the question to the jury, if the case were tried at law.

*Deed—Alley—Boundaries—Plan of lots.*

A person will not be entitled to the use of land as an alley in the rear of his lot, merely because the deeds of his neighbors on one side called for an alley in the rear of their lots in accordance with a plan of lots, where it does not appear that such person's deed called for an alley, or that an alley in the rear of his lot appeared in any map, or that any alley was actually opened.

Argued Dec. 5, 1904. Appeal, No. 248, Oct. T., 1903, by plaintiff, from decree of C. P. Schuylkill Co., May T., 1903,

2      ANDREAS, Appellant, v. STEIGERWALT.

No. 2, on bill in equity in case of Adam Andreas v. A. H. Steigerwalt. Before RICE, P. J., BEAVER, ORLADY, SMITH, PORTER, MORRISON and HENDERSON, JJ. Decree modified.

Bill in equity for an injunction.
The facts are stated in the opinion of the Superior Court.

*Error assigned* was the decree enjoining the defendant from interfering with the alley, or with the free and uninterrupted use thereof.    .

*W. F. Shepherd,* for appellant.—The court had no jurisdiction : Parry's App., 14 Lanc. Bar. 21 ; Davenport v. Harvey, 4 Kulp, 499 ; Shaw v. National Transit Co., 4 Pa. C. C. Rep. 363 ; Tillmes v. March, 67 Pa. 507 ; Washburn's App., 105 Pa. 480.

*H. O. Bechtel,* for appellees.—The court had jurisdiction : Ferguson's App., 117 Pa. 426 ; Mowday v. Moore, 133 Pa. 598 ; Brooklyn Street, 118 Pa. 640.

OPINION BY RICE, P. J., October 9, 1905 :
The plaintiffs, Alfred H. Steigerwalt, David H. Kistler and Stephen Steigerwalt, are the owners in severalty of three contiguous lots fronting on the east side of a public highway, running nearly north and south, known as the Summit Hill road. This road is intersected by another, running east and west, known as the Tamaqua road. The land lying to the north of the lots and between them and the Tamaqua road, as well as that lying to the east and south of them, belongs to the defendant. The three lots are of the same depth. The northernmost lot was conveyed by the defendant to Alfred H. Steigerwalt on April 2, 1895. The next lot was conveyed by the defendant on April 12, 1897, to Tilghman Andreas, who conveyed it to David H. Kistler on March 23, 1903. The southernmost lot was conveyed by the defendant to Stephen Steigerwalt on November 1, 1897. The plaintiffs' bill alleges that prior to the sale of the Alfred H. Steigerwalt lot, the defendant laid out in the rear of these lots an alley sixteen and one half feet wide, and extending from the southern line of Stephen Steigerwalt's lot to the Tamaqua road, which alley was laid out and intended for the use of the owners of these lots,

"in order that they might have a rear entrance to and from their properties." The bill complains that in disregard of their rights the defendant has obstructed and shut up the alley, and prays for a decree restraining him from interfering with the plaintiffs' enjoyment and use of the same, and requiring him to remove the obstructions and to place the alley in as good condition as it was before he obstructed it.

It appears that prior to the conveyance to Alfred H. Steigerwalt, a plot of the ground was prepared by a surveyor, at the instance of Steigerwalt and the defendant, which has laid upon it in the rear of the lot an alley sixteen and one half feet wide and extending northerly toward the Tamaqua road and southerly an indefinite distance. This map or plot was used by the scrivener in preparing the deed; and in strict conformity with it the northern side line is described in the deed as extending "to a certain alley and corner," and the rear line as extending "thence along the same," etc. The defendant's unsupported assertion that he executed and delivered the deed in ignorance of the fact that it contained this clause calling for an alley in the rear, opposed as it is by the testimony of the scrivener that the deed was fully explained to the defendant, and that he said it suited him, and by the testimony of the surveyor that the map or plot was prepared in accordance with the instructions the parties gave him, and by the defendant's own admission that he took or sent the map to the scrivener for the purpose of having it used in the preparation of the deed, is utterly insufficient to support a finding that the call for the alley was inserted through fraud, accident or mistake. This is too plain for argument.

The deed to Tilghman Andreas likewise calls for an alley in the rear and also for the lot of Alfred H. Steigerwalt on the north. Unquestionably the call in the two deeds are for the same alley. But after the deed was read to him, and before he signed it, the defendant objected to the call for the alley and said he would give no alley until the lots were sold and built upon to the creek on the south. However, upon the scrivener's suggestion that to strike out the clause would leave a blot on the deed, that eventually there would be an alley there, and that, as the parties were brothers, the defendant need have no fear that the grantee would attempt to compel the opening of

the alley in the meantime, the deed was executed, acknowledged, delivered and recorded with the clause unchanged. What effect these facts might have on the case, if it were between the original parties to the deed, it is unnecessary to determine, because Kistler, to whom the grantee subsequently conveyed the lot by deed containing the same call, is not shown to have had any notice of them prior to his purchase. Moreover, having regard now to the right of Alfred H. Steigerwalt, the map exhibited to him at the time of his purchase shows that the alley did not terminate at the southern line of his lot but extended across a part, if not the whole, of the land lying in the rear of the adjoining lot. See Fox v. Union Sugar Refinery, 109 Mass. 292; Tobey v. City of Taunton, 119 Mass. 404.

"It is settled law in this state, that when a public street or highway is called for as a boundary in a deed, the grantee takes title in fee to the middle of the street, if the grantor had title to it, and did not expressly or by clear implication reserve it: Paul v. Carver, 24 Pa., 207; Paul v. Carver, 26 Pa. 223; Cox v. Freedley, 33 Pa., 124; Trutt v. Spotts, 87 Pa. 339. Where the street called for a boundary is not a public highway, nor dedicated to public use, the grantee does not take title in fee to the center of it, but by implication acquires an easement or right of way over the lands: O'Linda v. Lothrop, 38 Mass. 292; Robinson v. Myers, 67 Pa., 9:" Spackman v. Steidel, 88 Pa. 453. There is in such a case, it has been said, an implied covenant that there is a way, corresponding with the one described in the deed, that so far as the grantor is concerned it shall be continued, and that the grantee, his heirs and assigns, shall have the benefit of it. "But that is the law, not upon the theory of a dedication to public use, but upon the implied contract between the parties. As between them, every consideration requires that if the ground conveyed is described as bordering upon a street, the street should be there in compliance with the description. If it be a public street laid out by municipal authority, the grantee is presumed to know that fact, and takes his title subject to municipal control as to the time and circumstances of opening it for use. If it be a street laid out by the grantor himself over land which he sells in lots, there is necessarily an implied

covenant that he will open it at least for the use of his grantees: " In re Brooklyn Street, 118 Pa. 640. No question as to the right of the public is involved in this case, and we decide nothing as to that; but as between Alfred H. Steigerwalt and David Kistler on the one hand and the defendant on the other, there is a right in the former to the use of the alley referred to and described in their deeds, as a means of access to their lots. Such use need not be an absolute necessity; it is sufficient that the beneficial use of the premises requires the use of the way: 14 Cyclopedia of Law and Procedure, 1182, 1183.

We come then to the question of jurisdiction. The general rule is, that where the plaintiff sets up such a claim and his right has not been established at law, or is not clear, but is questioned, not only by the answer of the defendant, but by proofs in the cause, he is not entitled to remedy by injunction. It is not enough that he is able to produce some evidence of his right, when there is conflicting evidence that goes to the denial of all right: Rhea v. Forsyth, 37 Pa. 503; Mowday v. Moore, 133 Pa. 598; O'Neil v. McKeesport, 201 Pa. 386; Scanlin v. Conshohocken Boro., 209 Pa. 48; Coward v. Llewellyn, 209 Pa. 582; Godino v. Kane, 26 Pa. Superior Ct. 596. But if the right of the plaintiff is admitted in the pleadings, or is undisputed, or otherwise clearly appears, an equity based upon that right may be asserted and a decree for equitable relief be made: Ferguson's Appeal, 117 Pa. 426. " It is not enough for the defendant to deny the plaintiff's right; his denial must be based upon facts which show a substantial dispute:" Miller v. Lynch, 149 Pa. 460. In Manbeck v. Jones, 190 Pa. 171, the decree in favor of the plaintiff was sustained on appeal, where the evidence was such, that, if the case had been tried before a jury, the only finding that could have been sustained was in favor of the existence of the road. To the same effect is Richmond v. Bennett, 205 Pa. 470. In the very latest reported case upon the question Justice MESTREZAT said: " That a court of equity has no jurisdiction to restrain by injunction an interference with a legal right which is in doubt and rests upon disputed questions of fact. Before a party can invoke the aid of a chancellor in such cases, he must have his right determined in an action at law. But it is equally well

settled in this jurisdiction that a court of equity will restrain a threatened interference with the exercise of a right without a prior adjudication at law where the right is clear and there is no serious dispute as to any of the material facts :" Piro v. Shipley, 211 Pa. 36. It cannot be said that there is a " substantial dispute " or a " serious dispute," where the plaintiffs' right to a way under his deed from the defendant is clear, and the defendant's denial of the right is based on testimony impeaching the deed which would be insufficient to warrant the court in submitting the question to the jury, if the case were tried at law.

As to the Stephen Steigerwalt lot an entirely different state of facts is presented. At the time he bought, the alley had not been actually opened, at least not in the rear of his lot. This, of itself, would not be conclusive : Ferguson's Appeal, 117 Pa. 426. But his deed does not call for an alley ; nor does it contain any reference to a map or plan of lots upon which an alley is laid down. Moreover, there is no evidence that a map or plan exhibiting an alley in the rear of his lot ever was in existence. The map already referred to does not show that the alley extended as far south as that, and the evidence does not show that a highway lay to the south, with which it might be surmised, even, that the alley thereon laid down was intended to connect. It has not been made clear that either of these plaintiffs has a right of way over the defendant's premises in the rear of the Stephen Steigerwalt lot. It follows that to that extent the decree must be modified.

We have not deemed it necessary to recite the testimony in greater detail, nor to discuss the assignments of error separately. We have endeavored, however, to bring into view the relevant and controlling facts, and to state the law applicable to them: To attempt more would have a tendency to confuse the case and to obscure the points decided.

The decree is modified and amended so as to restrict its operation to that portion of the alley described in the bill running north from the southern line of the David Kistler lot. It is further ordered, adjudged and decreed that two thirds of the costs of suit be paid by the defendant and the other third by the plaintiffs. As thus modified and amended the decree is affirmed.