Opinion by
Henderson, J.,
The plaintiff seeks to enjoin the defendants from diverting water from a public highway on to his land. One of the defendants, Sophia Greaves, is the owner of land adjoining the plaintiff’s. The other defendants are supervisors of Horsham township. A material averment of the bill is that the land in that vicinity slopes eastwardly and that the natural drainage is from the complainant’s land on to the land of Mrs. Greaves. Another is that the drainage of the northwest side of the Three Tuns Road was on to the northeast side of the Meeting House Road and thence across the latter road by underground pipes or sluices through which the water was discharged over the land of Mrs. Greaves through a ditch. Another averment is *578 that the supervisors of the township cut a ditch along the Meeting House Road in front of the Greaves property and the property of the complainant to carry off the water flowing through the pipes or sluices referred to, as a result of which the complainant’s land was compelled to carry four times the quantity of water that was formerly discharged over it, whereby his land was overflowed and the stability of some of his buildings threatened. The prayers of the bill are: first, that Sophia Greaves be enjoined from obstructing or interfering with the flow of water as heretofore through the ditch upon her land; second, that the defendant supervisors be enjoined from maintaining the trench dug by them along the Meeting House Road; third, that the supervisors be decreed to fill that trench and otherwise to adjust their drains so that the water shall flow over the land of Sophia Greaves. The plaintiff’s case rests on the truth of the allegations referred to. They involved questions of fact which he was required to establish. For this purpose he called numerous witnesses whose evidence tends to support the charge contained in the bill. Sophia Greaves by her answer denied these allegations and the supervisors by their answer neither admitting nor denying demanded proof of the same. Evidence was presented which contradicted the complainant’s claims and tended to show that the natural drainage from Mrs. Greaves’ property is along the Meeting House Road on to the complainant’s property; that the water carried through the pipes opposite the Greaves property did not flow on to the Greaves land except when turned there temporarily at times by the husband of Mrs. Greaves or in the case of an overflow during a heavy rain and that the natural course of the water was along the side of the road into the stream at the complainant’s land. A further fact in the case about which there was no dispute was that the Meeting House Road in this locality was improved by the state under the Act of May 1, 1905, P. L. 318, and that in the course of its construction a culvert or drain was made substantially in the same place where the pipes were located in front of the Greaves property and a ditch was cut of a depth of about three feet and extending about 100 feet through the Greaves property to a place where. *579 the descent of the ground permitted the water to flow away. This ditch Mrs. Greaves filled up soon after it was opened and, as is claimed by the supervisors, before the road was turned over to them. The learned trial judge did not find the facts relating to the allegation that the water had flowed on to the Greaves land before the state road was constructed, but stated the substance of the testimony of the respective sides. It was not determined, therefore, whether the complainant’s averment that water was diverted on to his land which had not been flowing there before was true or not. And if the court had found the facts in favor of the plaintiff we think the complainant must still have been remitted to his action at law to establish his right in the first instance, for if the fact be, as asserted by the witnesses for the defense, that the water continues to flow along its natural course or where it has been accustomed to flow, at the side of the Meeting House Road on to the complainant’s land, he has not been injured by anything which Mrs. Greaves or the supervisors did. He could only have standing, if at all, to complain of the present construction of the road on the ground that that construction subjected his land to a burden which it had not theretofore borne. He seeks to abate a nuisance the existence of which has neither been admitted nor established by an action at law. The remedy at law for a private nuisance is general. Equity also has jurisdiction to restrain the continuance of such nuisance if the rights of a suitor are clear and certain. But it is a well-settled doctrine that an injunction should not be granted until the facts are established by the verdict of a jury, if they are disputed: Rhea v. Forsyth, 37 Pa. 503; Mowday v. Moore, 133 Pa. 598; O’Neil v. McKeesport, 201 Pa. 386; Scanlin v. Conshohocken Boro., 209 Pa. 48; Adams Eq. *211. The learned counsel for the appellant while conceding this to be the law contends that the complainant’s case is made out beyond controversy, but we cannot concur in this view of the case. The evidence of several of the defendants’ witnesses might well lead one to believe that the plaintiff’s land is not subjected to any flow of water which did not exist before the acts charged against the defendants were committed, and if so he has no cause of com *580 plaint. If as shown by evidence of the defendants a ditch existed along the side of the Meeting House Road and the action of the supervisors was merely to clean it out and restore it to its original condition they were clearly not offending against any right of the complainant. He cannot insist that the land of Mrs. Greaves be subjected to a new servitude in relief of his own land, nor does his bill assert any such claim. His right to a decree is circumscribed by the facts averred and these are all grouped around the main proposition that he is injured by an increased volume of water discharged upon his property. If the fact were established that the acts of the defendants produced the result which the plaintiff claims we would then be brought to a consideration of the power of the supervisors in the premises and the limitation of their authority said to have been brought about by the act of May 1, 1905; but we agree with the learned judge that these questions do not now arise.
The decree is affirmed without prejudice to the right of the plaintiff to proceed at law.