## Baer *v.* Wilmoth, Appellant.

*Equity—Equity jurisdiction—Nuisance—Remedy at law—Boundary line.*

In a suit in equity to settle a disputed boundary line and to abate a nuisance in the nature of a water way where it appears from the pleadings and proofs that the real dispute was the location of the boundary line between plaintiff's and defendants' lots, and that the parties had actual possession of their respective lots to the true line thereof, wherever that might be, the bill will be dismissed on the ground that plaintiff's remedy is an action at law to determine the location of the boundary line.

Argued May 5, 1908. Appeal, No. 14, April T., 1908, by defendants, from decree of C. P. Somerset Co., Equity Docket 1905, No. 6, on bill in equity in case of Maggie May Baer v. Wilmoth & Leith. Before RICE, P. J., PORTER, HENDERSON, MORRISON, ORLADY, HEAD and BEAVER, JJ. Reversed.

Bill in equity for an injunction.
The opinion of the Superior Court states the case.

*Error assigned* was the decree of the court in favor of the plaintiff.

*W. H. Ruppel,* for appellants.—The court erred in refusing to dismiss the bill because the remedy, if any, was by ejectment at common law: Washburn's App., 105 Pa. 480; Coward v. Llewellyn, 209 Pa. 582; Godino v. Kane, 26 Pa. Superior Ct. 596; Thomas v. Clarke, 32 Pa. C. C. Rep. 548; Orne v. Fridenberg, 143 Pa. 487.

*J. A. Berkey,* with him *G. K. Warn,* for appellee.—The court had jurisdiction: Masson's App., 70 Pa. 26; Allison's App., 77 Pa. 221; Bitting's App., 105 Pa. 517; Walters v. McElroy, 151 Pa. 549; Keppel v. Lehigh Coal & Nav. Co., 200 Pa. 649; Sullivan v. Steel Co., 208 Pa. 540.

OPINION BY MORRISON, J., April 12, 1909:

In the present case we have an appeal by the defendants from a final decree in equity attempting to settle (a), a disputed boundary line between the plaintiff and the defendants who claim to own adjoining lots of land in Myersdale, Somerset county. The parties have titles from a common source and no question is raised as to the validity of either title; (b) that the laying of tile in a water way on or near the line between the parties' lots and filling up said water way over the tile created a nuisance and damaged the plaintiff's cellar. (c) Incidentally certain acts of trespass and continuing trespass are charged against the defendants, in the bill, but whether or not the defendants trespassed upon the land of the plaintiff depends upon the true location of the line between the two lots. The plaintiff contends that the north line of her lot is along the center of the water way above mentioned. But the defendants contend with equal vigor that their lot includes the whole of said water way from the street on which both lots front, east as far as the plaintiff's lot extends. Defendants further contend that their south line is the plaintiff's north line and that it is several feet south of the south bank of said water way. Therefore, we have a plain case of a court of equity attempting, against the protests of the defendants, to try and determine questions which ought to be tried on the law side of the court before a court and a jury. We find in the record a large number of ex-

ceptions and sixteen assignments of error, but it will not be necessary to discuss them separately. The answer of defendants, the exceptions and assignments of error squarely raise the above controlling questions, and we think the well-settled cases will dispose of this decree by establishing that it is erroneous. We cannot discover in the record any controlling question giving a court of equity jurisdiction, and, therefore, the learned court was in error especially as raised in the eleventh, twelfth, thirteenth, fourteenth, fifteenth and sixteenth assignments of error, in assuming that all matters of dispute between the parties in regard to their lots could be disposed of in equity. Where a court of equity has jurisdiction it will dispose of every incidental question necessarily involved: Wilhelm's Appeal, 79 Pa. 120.

The assignments of error above referred to are all aimed at and raise the question of the power of a court of equity to make the decree in this case. We would here remark that the evidence seems to make it clear that both plaintiff and defendants had actual possession of their respective lots to the true line thereof, wherever that may be. Therefore, the whole controversy hinged (a) On the true location of that line; (b) was a nuisance maintained by defendants to the damage of plaintiff? (c) Did defendants trespass on plaintiff's lot? These are pure questions of law and fact for a court and jury.

In Barclay's Appeal, 93 Pa. 50, it is stated in the syllabus: "It is well settled in the equity practice of Pennsylvania that a court cannot by bill bring before it parties having adverse claims to land, and between whom there are no relations of trust or contract, and settle their several titles by decree." See Mary Ann Long's Appeal, 92 Pa. 171.

In Scanlin, Appellant, v. Conshohocken Borough, 209 Pa. 48, it was said by the Supreme Court: "This is the exact question held in O'Neil v. McKeesport, 201 Pa. 386, to be a question at law, and not cognizable in the first instance, in a court of equity. We do not pass, therefore, on the merits of the case, but affirm the decree dismissing the bill for want of jurisdiction in equity without prejudice to the rights of the parties at law." In O'Neil v. McKeesport, 201 Pa. 386, the Supreme Court said:

"This is the substance of the whole controversy and it is without any element of equitable jurisdiction: Washburn's Appeal, 105 Pa. 480. An action of ejectment would settle the question, or if plaintiffs are unwilling to admit themselves out of possession, then an action of trespass for tearing down the fence would be equally effective, or an action of assumpsit for the balance of the purchase money retained by the school district. Decree reversed and bill directed to be dismissed with costs, but without prejudice to the rights of the parties at law."

In Coward v. Llewellyn, Appellant, 209 Pa. 582, it was said by the Supreme Court: "Defendants claim title to and are in possession of ten feet of that alley; that they have such title and possession plaintiffs deny and on this fact depends the jurisdiction of the court to eject them, not in equity but at law. And plaintiffs have more than one legal remedy. But as was said by PAXSON, J., in City of New Castle v. Raney, 130 Pa. 546: 'The authorities uniformly limit the jurisdiction to the cases where the right has first been established at law or is conceded. It was never intended and I do not know of a case in the books, where a chancellor has usurped the functions of a jury and attempted to decide disputed questions of fact.'

"There is much that is interesting in the case and the learned judge of the court below gave it most careful attention, but it would be unjust to both parties if we were to review his findings of fact and conclusions of law when we have no more jurisdiction to do either, than he had in the first hearing. The decree is reversed and the bill dismissed at costs of appellees without prejudice to them to institute such suit or suits at law to determine their rights as to them may seem proper." In City of New Castle v. Raney et al., 130 Pa. 546, it was held as stated in the syllabus, "Upon a bill in equity to restrain or abate a public nuisance, if the matter complained of be not a nuisance per se, and if the testimony be conflicting whether it is a public nuisance at all or not, an injunction will not be granted until after the fact shall have been determined by a trial at law.

"Where the testimony as to whether a mill-dam, maintained for its water-power for over half a century and about which a

city has grown up, has become a public nuisance or not, is conflicting, a bill to abate it will be dismissed, without prejudice to the right of complainants to proceed by indictment or action at law."

If the defendants' treatment of the water course is a private nuisance, which is disputed, the plaintiff has a clear right to an action at law to recover damages, and such action will determine whether or not the acts of defendants amount to a nuisance. They do not create a nuisance per se: Gavigan v. Refining Co., 186 Pa. 604.

We might multiply authorities ad libitum, but it is unnecessary. The learned court was also in error in assessing the damages in equity for the trespass or trespasses alleged by plaintiff. This plaintiff should first establish her rights in an action at law.

We sustain the eleventh, twelfth, thirteenth, fourteenth, fifteenth and sixteenth assignments of error and reverse the decree and dismiss the bill at plaintiff's costs, but without prejudice to her right to proceed at law.