## Gorman v. McDermott, Appellant.

*Equity—Injunction—Nuisance—Alley.*

The complainant in a bill in equity is not entitled to an injunction to restrain the defendant from interfering with him in the use of an alley wholly on defendant's land, where the plaintiff's right is not based upon any writing, and where the evidence as to adverse use for the statutory period is conflicting, and the evidence is also conflicting as to an alleged parol contract by which the defendant granted the use of the alley for an executed valid consideration.

Argued Dec. 10, 1909. Appeal, No. 202, Oct. T., 1909, by defendant, from decree of C. P. Schuylkill Co., Jan. T., 1907, No. 4, on bill in equity in case of Alexander A. Gorman and Mollie M. Gorman v. Catherine McDermott. Before RICE, P. J., HENDERSON, MORRISON, ORLADY, HEAD, BEAVER and PORTER, JJ. Reversed.

Bill in equity for an injunction.

The case was heard on bill and answer. Before BECHTEL, J. The facts appear by the opinion of the Superior Court.

*Error assigned* was decree awarding an injunction.

*James J. Bell,* with him *John F. Whalen,* for appellant, cited: Bennett v. Biddle, 140 Pa. 396; s. c., 150 Pa. 420; Jeffries v. Mayberry, 3 Phila. 143.

*M. M. Burke*, with him *P. H. Burke*, for appellee; cited: Rhea v. Forsyth, 37 Pa. 503; Manbeck v. Jones, 190 Pa. 171; Wilson v. Cather, 214 Pa. 3; Hacke's App., 101 Pa. 245; Miller v. Lynch, 149 Pa. 460.

OPINION BY HENDERSON, J., March 3, 1910:

The complainants claim a right of way over land of the defendant. The parties own adjoining lots and the way in dispute is between the houses on these lots. The right is said to exist by reason of a parol grant and also by adverse use continued more than twenty-one years. The answer denies the existence of the easement on either of the grounds alleged and a direct issue of fact is thus raised by the pleadings. The evidence was not taken before the court nor before a master and we have not, therefore, the benefit of an opinion reached by the court below after a personal observation of the witnesses and an estimate of the value of their testimony. The evidence is voluminous and exhibits a sharp contradiction on material parts of the case and much of it is obscure without a greater familiarity with the premises than can be obtained from the record brought up on the appeal. The complainants depend largely on the testimony of Elizabeth Lathem, predecessor in their title, to establish the parol agreement for a joint passageway between her and John W. Thomas who at the time owned the defendant's lot. According to her testimony when she and her husband were about to build a house on her lot Mr. Thomas proposed that they erect it about a foot away from the line thereby leaving a sufficient space between his house and theirs for a passageway about three and one-half feet wide. This proposition she says was accepted and the house placed about a foot away from the line of the lot and a gate constructed from the corner of their house to permit an entrance into the passage. Mr. Thomas when called for the defense admitted that he had a talk with Mr. Lathem about locating the house the latter was about to build and proposed that he leave a space a foot wide along his (Thomas') alleyway to give plenty of room, but he says this arrangement was not carried out for the Lathems built a part of the house

up to the line and Thomas, therefore, refused to consent to a joint use of the alley. On the question of a prescriptive use from which a grant might be inferred the evidence is very contradictory, the complainants offering evidence to show a continued use of the way and the defendant introducing a large number of witnesses to show that the alley had not been used by the predecessors of the complainants for many years and there was some evidence that Mrs. Lathem while the owner and occupant of the premises said that she had given up the use of the alley. We are unable to say after a careful examination of the evidence that it clearly establishes the right of the complainants and that the court therefore had jurisdiction in equity to enter the decree complained of. There is evidence tending to show that the way is wholly on the lot of the defendant and that the house of the complainants is built up to the line at the rear part of the building. If the proposition of Thomas to Lathem was conditioned on the putting of one foot along the side of the Lathem lot into the alley and Lathem disregarded that arrangement and built the house up to the Thomas line no right was acquired by Lathem, for the consideration failed; and if the use of the alley by the occupants of the Lathem lot was not maintained for the requisite period to establish an easement the plaintiff's case is without foundation in fact on that ground. Under such circumstances a court of equity cannot take cognizance of the controversy until the rights of the parties have been established at law. The doctrine in Rhea v. Forsyth, 37 Pa. 503, that a plaintiff is not entitled to remedy by injunction to restrain the continuance of a nuisance where his right has not been established at law or is not clear has been steadily maintained in this state as is shown in New Castle v. Raney, 130 Pa. 546; Mowday v. Moore, 133 Pa. 598; Washburn's App., 105 Pa. 480; O'Neil v. McKeesport, 201 Pa. 386; Scanlin v. Conshohocken Borough, 209 Pa. 48; Godino v. Kane, 26 Pa. Superior Ct. 596, and other cases. It is proposed to subject the land of which the appellant is the unquestioned owner to a use by the occupant of the adjoining premises. It is not pretended that this right exists pursuant to any deed or other writing and the testimony is

conflicting on the very propositions for which the complainants contend.  The exception to the rule stated in the authorities above cited only exists where the right is conceded or is so clearly established as to make the contradictions inconsiderable.  Hacke's App., 101 Pa. 245; Ferguson's App., 117 Pa. 426; Piro v. Shipley, 211 Pa. 36, and Wilson v. Cather, 214 Pa. 3, are illustrations of this class of cases.  In each of them there was a written grant or the evidence was so conclusive that there was practically no dispute.  We do not consider this case so clear either as to the grant or the use as to give jurisdiction in equity.

We therefore reverse the decree and dismiss the bill without prejudice to the complainants at law.