## Ohringer Home Furniture Company *v.* Hollingsworth (et al., Appellant).

Argued October 6, 1953. Before STERN, C. J., STEARNE, JONES, BELL, MUSMANNO and ARNOLD, JJ.

*Joseph M. Loughran,* with him *William M. Kahanowitz,* for appellants.

*Robert W. Smith,* with him *Smith, Best & Horn* and *Ruslander, Ruslander & Lieber,* for appellee.

OPINION BY MR. JUSTICE JONES, November 9, 1953:

The plaintiff corporation, Ohringer Home Furniture Co., filed its bill in equity seeking to compel the defendants, C. B. Hollingsworth, B. E. Livingston and D. L. Joyce, to execute and deliver to it, pursuant to an *inter partes* written agreement, a deed of conveyance for certain described real estate which should include a right to the use of an adjacent private alley and, further, to require the defendants, David and James Grossman, to join in such deed as grantors or execute and deliver a separate deed in order to perfect in the plaintiff a record title to the easement over and across the private alley. Several of the defendants having died since the institution of the proceeding, their personal representatives have been substi-

tuted of record. These substitutions do not in any way affect the disposition of the case.

An amended bill of complaint averred the facts substantially as we shall hereinafter relate them. Hollingsworth, Livingston and Joyce answered, admitting the principal averments of the bill and praying that the plaintiff be directed to tender them the purchase price and accept a deed for the property and that the Grossmans be required to join in the deed as grantors for the purpose above stated. The Grossmans filed preliminary objections to the bill, as originally and subsequently amended, asserting that the court did not have jurisdiction of the subject-matter in equity as to the Grossmans and that the Ohringer Home Furniture Co. was not a proper party plaintiff. The Grossmans also filed preliminary objections to the answer of Hollingsworth and associates and moved to strike off the answer. All of the objections by the Grossmans and their summary motions having been overruled, they thereupon answered to the merits as the court required them to do. The case went to a hearing and terminated in a final decree awarding the plaintiff the relief prayed for as to all defendants. The Grossmans have severally appealed, raising the same legal questions which they had interposed and argued on their preliminary objections and summary motions. Hollingsworth, Livingston and Joyce did not appeal.

Prior to May 4, 1921, Hollingsworth had become the sole owner of two adjacent parcels of improved real estate in Greensburg, Westmoreland County, fronting on the north side of West Otterman Street at the corner of Harrison Avenue, which streets intersect at right angles, West Otterman Street running east and west and Harrison Avenue north and south. The one parcel occupies the northeast corner at the

intersection with a frontage on West Otterman Street of approximately 65 feet and a frontage on Harrison Avenue of about 76 feet. There is erected on this parcel a three-story building known as the Merchants Hotel. The northernmost 10-foot (more or less) strip across this parcel is a private alley which has been in use since about 1902. The alley extends the entire width of the lot. Abutting the first parcel immediately to the east is the second lot which has a frontage of 35 feet on West Otterman Street and a depth of 126 feet which gives this lot a depth northwardly of approximately 50 feet beyond the northerly line of the parcel first described. A three-story store building occupies almost the whole of the second lot. The land immediately to the north of both of these properties is owned by the Slavonic-American Home, Inc., and is improved with a large building. The 10-foot alleyway affords convenient means of ingress and egress for the rear entrances of the hotel building, the Slavonic Home and to the center doors on the west side of the store building. It is the right to the use of this alley that is the real subject-matter of the plaintiff's complaint.

By mesne conveyances, ownership of the two lots of ground finally became vested in the three defendants, Hollingsworth, Livingston and Joyce (hereinafter referred to collectively as Hollingsworth). In 1945 Hollingsworth leased the store building to one Harold Steinitz for a period of five years. Included in this lease was the right of the lessee to use the private alley. Steinitz assigned the lease to Ohringer Home Furniture Co. (hereinafter referred to as Ohringer). Shortly after the assignment Hollingsworth and Ohringer entered into an addendum to the lease which gave the lessee the option to purchase the demised premises within five years at a specified price.

Neither the lease nor the addendum was recorded. The Grossmans had been tenants of a part of the Merchants Hotel building since about 1930. They operated a newspaper business there and utilized the alley in connection with their business. In 1948 they bought from Hollingsworth, who conveyed to them, the parcel of land upon which the Merchants Hotel building was situated. This conveyance included the fee to the private alley and was specifically made subject only ". . . to the right of the Slavonic American Home, Inc., their successors and assigns, to the unrestricted use of a private alley about 10 feet wide lying along the northerly side and being a part of the property hereby conveyed." The Grossmans have since continued to operate their business in the hotel building and in connection therewith have made use of the alley.

In August 1950, Ohringer, in the exercise of its option to purchase the demised store property, tendered to Hollingsworth the specified purchase price. The deed offered by Hollingsworth was rejected by Ohringer who claimed that the failure of Hollingsworth to reserve the use of the private alley in his conveyance of the fee to the Grossmans cast a substantial doubt on the validity of Hollingsworth's later attempt to convey to Ohringer the right of user of the alley.

Ohringer bases its claim of right to the unrestricted use of the alley on two grounds, viz., (1) that an appurtenant easement in favor of the leased premises arose by implication when, in 1948, Hollingsworth sold the Merchants Hotel property to the Grossmans without reserving to the leased property the use of the private alley; and (2) that Ohringer's open and visible possession of the demised premises to which the alley is contiguous put the Grossmans on notice and consequent inquiry would have disclosed to them Hol-

lingsworth's lease to Ohringer with the right to use the alley and the option to purchase the property. In support of the first of these contentions, Ohringer cited *Grace Methodist Episcopal Church v. Dobbins*, 153 Pa. 294, 297, 25 A. 1120, where this Court declared that "Where an owner of land subjects part of it to an open, visible, permanent, and continuous service or easement in favor of another part, and then aliens either, the purchaser takes subject to the burden or the benefit as the case may be." See also *Stein v. Bell Telephone Co.*, 301 Pa. 107, 112, 151 A. 690. As to the second contention, Ohringer cites *Kerr v. Day*, 14 Pa. 112, 116, where this Court quoted Lord Eldon as authority for the now well-settled rule that "Where there is a tenant in possession under a lease, or an agreement, a person purchasing part of the estate must be bound to inquire on what terms that person is in possession."

But whether an easement in the alley in favor of the property occupied by Ohringer existed and, if it did, whether it arose by implication or from Hollingsworth's lease to Ohringer with option to purchase (whereof the Grossmans were bound to inquire) are matters which, in our opinion, are not properly adjudicable in this proceeding in equity. Notably, there is no privity of contract between Ohringer and the Grossmans for which Ohringer could demand specific performance by way of an affirmative grant of the easement and, in final analysis, that is what the bill is really designed to obtain. As between Ohringer and the Grossmans, all that is actually here involved is a dispute as to the title to real estate for the determination of which equity's jurisdiction does not properly attach: see *Teacher v. Kijurina*, 365 Pa. 480, 484-485, 76 A. 2d 197; *O'Neil v. McKeesport*, 201 Pa. 386, 387, 50 A. 920; *Saunders v. The Racquet Club*, 170 Pa.

265, 270-271, 33 A. 79; and *Godino v. Kane*, 26 Pa. Superior Ct. 596, 598. Certainly, the plaintiff's right to the use of the alley is not of such clarity, as a matter of law, as to bring the case within the exception where equity will entertain jurisdiction of the subject-matter although the plaintiff's right thereto has not been priorly established at law as in *Hunter v. McKlveen*, 353 Pa. 357, 361, 45 A. 2d 222. True enough, Ohringer does aver an open, visible, permanent and long-continued easement in the alley in favor of the demised property, but the proofs in support thereof reside for the most part in oral testimony which the Grossmans dispute. Furthermore, the addendum to the lease containing the option to purchase makes no express mention of the grant of a right to the use of the alley upon an exercise of the option. As recognized in *Godino v. Kane*, supra, even if the plaintiff's evidence is sufficient to establish its title to the easement, it does not follow that there is jurisdiction in equity to enforce the right. On the factual showing, this case is peculiarly one for determination at law.

The Grossmans' preliminary objections to the jurisdiction should, therefore, have been sustained. Moreover, as matters presently appear, the plaintiff is without standing to litigate the right, as owner of the store property, to the use of the alley. Ohringer has not yet taken title to the property. When it does, the law will afford the appropriate remedy. Once Ohringer establishes its right to the unrestricted use of the alley, it can thenceforth prevent interference with such use either at law or in equity. If, perchance, Ohringer should fail to establish its right to the easement, it would have an action at law for damages against Hollingsworth if it did not receive through Hollingsworth's conveyance all that the agreement between them contemplated.

The decree is reversed and the bill dismissed as to the appellants at the appellee's costs without prejudice to the rights of the parties in an action at law.